GRATZ *against* PHILLIPS and others, Executors of
SIMON.

Exceptions to the report of auditors in *account render*, are too late after a judgment *nisi* upon the report has become absolute by the expiration of the term in which it was entered. *Qu.* Whether such exceptions ought not to be taken before the auditors, and prior to any report.

AFTER a judgment to account in this case, the court appointed auditors, who on the 28th *November* 1810 filed their report awarding to the plaintiff the sum of 12,169 dollars and 94 cents. The report was read on the first day of *December* term, and a judgment *nisi* entered. On the 13th of *December*, time was granted to the defendants until the 20th, upon Mr. *Dallas's* motion, to file exceptions to the report; but no exceptions were filed until the 7th of *January* 1811, which was after the end of *December* term.

In the first week of the present *March* term, *Dallas* for the defendants moved for a rule upon the plaintiff to plead to the exceptions filed.

*Meredith* and *Rawle* opposed the rule upon the ground, 1. That the exceptions were too late, as they were not filed until after the expiration of the term to which the report was returned, and after the judgment had become absolute. 2. That they ought to have been taken before the auditors; and as that had not been done in this case, the court could not have received them, if filed at any time.

Upon the second point, the counsel on both sides went very much into a consideration of the *English* entries and decisions; and the plaintiff's counsel particularly urged, that the point had been already settled by this court in the case of *Moore* v. *Hunter*\* at *March* term 1807; but it becomes unnecessary to state the argument, as the court declined giving any opinion upon that objection to the rule, being clearly with the plaintiff upon the other.

1811.

GRATZ
*v.*
PHILLIPS.

\* MOORE ⎱ This was an action of *account render.* Auditors were v. ⎰ appointed by the court, and on the 24th *May* 1804, their HUNTER. ⎰ report was filed in the office, by which a balance of 2486 dollars and 5 cents was found due to the plaintiff. The report was read in open court at *September* term 1804, but no judgment was ever entered on it. On the 8th of *August* 1805 the plaintiff filed a suggestion containing a number of exceptions to the report, and on the 9th of *September* following the court granted the present rule upon the defendant to shew cause why he should not plead to the several matters mentioned in the suggestion.

*Todd* and *Lewis* for plaintiff.

*M'Kean* and *Ingersoll* for defendant.

TILGHMAN C. J. delivered the court's opinion.

Two causes have been assigned against the rule. 1. That no exceptions can be received after *four* days from the time the report was read in court. 2. That the exceptions ought to have been taken before the auditors, and cannot be taken after the return of the report.

1. As to the *first* exception, it does not appear that the court have any rule, or any established practice upon the subject. This may be accounted for by the action of account render not being in general use. We do not conceive that the rule with respect to reports of referees is applicable to this case; so that until a rule is established, it is sufficient that the exceptions are filed before judgment.

2. We think the most regular way of proceeding, and by far the most convenient one, would have been to take the exceptions before the auditors, to be returned by them as part of their report. This is the manner of conducting the business, as far as it appears from the *English* precedents cited on the argument. But as this court suffered exceptions to be filed after the return of the report in the case of *Holland* v. *Mackie*, in which no objection was taken on this ground, though other points were controverted, we think it would be unjust to preclude the plaintiff from the benefit of his exceptions in this case. Although in this particular instance the court allow the exceptions for the reason I have assigned, yet it is not to be understood that this practice is adopted. On the contrary, it is expected that in future, the exceptions will be taken at such time and in such manner as is agreeable to the principles and practice to be found in the books, prior to the case of *Holland* v. *Mackie.*

Rule absolute.

**1811.**

GRATZ
*v.*
PHILLIPS.

TILGHMAN C. J. This was an action of account render. After the auditors had made their report, judgment *nisi* was entered in the usual manner, and no exceptions were offered till after the expiration of the term. The court are of opinion, that the judgment having become absolute, it was too late to offer the exceptions. On this ground, the motion of the defendants that the plaintiff shall make answer to their exceptions is denied.

On the argument of this case, the counsel on both sides went largely into the question, whether exceptions of this kind ought to be received by the court *at any time.* I forbear to enter into that question at present, as I understand that the same point will come before us, in a case which has been brought up by writ of error from the court of Common Pleas of *Philadelphia* county.

The defendants took nothing by their motion.