WILLIAM COLBURN & *al. versus* WILLIAM MASON.

One tenant in common occupying the estate does not oust or disseize another tenant in common, or one who claims to be such, unless he denies the right of the other to the possession, or does some notorious act indicative of a holding adversely to him.

If the tenant, on being informed by the demandant of his claim to be the owner of one fourth part thereof, merely admits that he is in possession of the demanded premises, and adds, "it is hard to pay twice;"—this is not evidence of an ouster or disseizin.

WRIT OF ENTRY. The demandants and the tenant were tenants in common of the demanded premises. The pleadings are stated in the opinion of the Court. To show a disseizin by the tenant, the demandant introduced a witness who testified, that in their behalf he read to the tenant the description in their deed of a fourth part of the premises, and said to him, "these are the premises you are in possession of." The answer was, "Yes — it is hard to pay twice." There was some question made, whether the tenant rightly understood the question, or made the reply as understood by the witness.

TENNEY J. presiding at the trial, instructed the jury, "that if the tenant was in possession of the premises demanded, as a tenant, at the time of the service of the writ, that the demandants were entitled to their verdict; but that if he was merely living with his son, making no claim to be a tenant, it would be otherwise."

The verdict was for the demandants; and the tenant filed exceptions.

*J. Appleton* argued for the tenant, citing 17 Mass. R. 282; 1 Fairf. 201; 13 Maine R. 29; Cooper, 218; 1 Greenl. 89; 1 Pick. 114; 4 Mason, 326; 5 Mass. R. 344; 7 Cranch, 456; 3 Burr. 1898.

*N. Wilson* argued for the demandants, citing 13 Maine R. 29; 1 Greenl. 89.

The opinion of the Court was drawn up by

WHITMAN C. J. — By the declaration in the demandants' writ it appears, that they claim to recover possession of one

undivided fouth part of a certain parcel of real estate, to hold in fee and in mortgage; and the tenant does not question their right thereto; and has, in his brief statement, set forth in substance a special non-tenure thereof; at the same time averring a title in himself to another undivided fourth part of the same estate, as tenant in common with the demandants; and that he never had withheld from the demandants the possession of their quarter part thereof. That the tenant was seized, as he claims, seems to be incontrovertible, and in fact is not questioned.

One tenant in common occupying the estate does not oust or disseize another tenant in common, or one who claims to be such, without some unequivocal act manifesting an intention to do so. Such tenants are individually seized *per mie et per tout.* The entry of one is the entry of both. Either has a right to actual possession; and his entry will be presumed to be in accordance with his title; and this presumption will hold until some notorious and unequivocal act of exclusion shall have occurred. *Jackson* v. *Wheelock,* 6 Cowan, 632; *Jackson* v. *Tibbets,* 9 ib. 241; *Fisher & ux.* v. *Taylor & ux.* 1 Cowp. 217. In the last case the language of L'd Mansfield was, " the possession of one tenant in common, *eo nomine,* as tenant in common, can never bar his companion; but is support of their common title; and by paying him his share he acknowledges him co-tenant; nor indeed is his refusal to pay, of itself, sufficient, without denying his title. But if upon demand of the co-tenant of his moiety, the other denies to pay and denies his title, saying he claims the whole, and will not pay, and continues in possession, such possession is adverse, and ouster enough."

Upon the issue, arising under the brief statement, it was incumbent on the demandants to show, that the tenant denied their right to possession, or did some notorious act, indicative of a holding adversely to them. It does not seem that the evidence could have been considered as amounting to any thing of the kind. Reliance is placed upon admissions made by the tenant as detailed by the witness, Wilson. But, from

those, it cannot be gathered, that the tenant distinctly claimed to hold adversely to the plaintiffs. He admitted himself to be in possession of the estate ; and as a tenant in common he had a right to be so. Not a word escaped his lips tending to a denial of the demandant's right as a co-tenant. He said it would be hard to pay for the land twice. Was this a denial of the demandant's title ? Was it not rather an ejaculation of a regret that he should be obliged to pay for the land again ? Clearly it could not amount to an unequivocal denial of the demandants' title. The instruction to the jury, therefore, which was, " if the defendant was in possession of the premises demanded as a tenant, at the time of the service of the writ, that the demandants were entitled to their verdict," can hardly be deemed such as the case required.

*Exception sustained, new trial granted.*