The Chancellor.
The hill is filed for a partition and account. The parties are tenants in common, the complainant being the owner of seven-eighths, and the defendant of oue-eighth of the premises. It was decreed that the complainant was entitled to his account, and a reference was made to a master to ascertain the yearly value of the premises. There is no dispute as to what portion of the premises the defendant occupied. The only difficulty is as to the character of that occupation.
*404 The following propositions, as laid down by the counsel of the defendant, are well established.
1. If one tenant in common occupies the whole estate, claiming it as his own, it is an ouster of his co-tenant, who must first establish his right at law, and thus recover the mesne profits — for one tenant is bound to account to another only as his bailiff appointed by contract, express or implied.
2. Where one tenant in common actually receives the rents, issues, and profits, then he may be compelled to account for such profits actually received; but this is by statute, both in England and this state, and not by the common law. 4 Anne, c. 16; N. J. act of 1794, Nix. Dig. 5 pl. 3; Sargent v. Parsons, 12 Mass. 153.
3. Where one tenant in common occupies the whole estate, without claim on the part of his co-tenants to be admitted into possession, he is under no obligation to account — for he had a right to such occupancy. Co. Lit. 200, b; Sargent v. Parsons, 12 Mass. 152-3; Meredith v. Ambries, 7 Iredell 5; Collum v. Mason, 25 Maine 434.
The pleadings and proofs show that, from the 17th of June, 1848, to the 2d of February, 1852, the defendant was in the exclusive possession of a portion of the premises, and that the remainder was unoccupied. I think that, under the circumstances of the case, the defendant should account to the complainant for the yearly value of that portion of the premises which the defendant occupied. The property was valuable as an entirety. It was a large glass manufacturing establishment. An opportunity was afforded for an advantageous lease, and the complainant, owning seven-eighths of the whole premises, was anxious that it should be leased out. To this the defendant objected, and he took and retained exclusive possession of that portion of the property which was most useful to himself. It was undoubtedly the intei’est of the owners that the property should have been leased. The conduct of the defendant prevented an advantageous *405 disposition of the property. The character of the property, and the mode of its occupancy by the defendant, were of a character to exclude the complainant from any participation in the enjoyment of it. He could not enjoy the benefit of a possession as a tenant in common, occupied as the premises were, by the defendant. There are other considerations connected with the ownership and occupancy of the property, and the conduct of the defendant in regal’d to it, which induce me to consider the occupancy of the defendant as an ouster of the complainant, and to make it proper that the defendant should account with the complainant for the portion of the premises the defendant exclusively occupied. The yearly value was proved to be §182, taking the admission and statement of the defendant’s counsel. Deducting from that amount the one-eighth, which was the interest of the defendant in the property, and the complainant is entitled to receive the balance for three years, seven months, and thirteen days. On behalf of the defendant, it was claimed that the sum of §50, that being the ascertained yearly value of the premises, including the portion which remained vacant, as well as that occupied by the defendant, should be deducted, and not the one-eighth merely of the part occupied. But the portion that remained vacant was left in that situation because of the occupancy by the defendant of the other portion. No benefit was derived from the vacant portion, and it was the defendant’s fault that there was not. He should suffer the loss, as well as the complainant. And for this reason, I do not think any allowance should be made to the defendant, which he claims for taking care of that portion of the property which was unoccupied.
I am of opinion, also, that the complainant is entitled to receive the seven-eighths of the yearly value of the storehouse and adjoining lot of land, from the second day of February, 1852, to the 9th day of December, 1856. It is true the master reports that the storehouse and adja *406 cent lot constitute about one-eigbtb of the glass works property; and it is insisted that, as the defendant was the owner of one-eighth of the property, although he kept his co-tenant out of possession, he is entitled to retain the whole value, because the value of the portion he occupied did not amount to more than his interest in the whole property. But as a tenant in common, while- he was entitled to a possession in common of the whole with his co-tenant, he had no right to the exclusive possession of any particular portion; and if he exercised such a right, and excluded his co-tenant from a participation in the possession, he must account to his co-tenant for his interest in the part from which he was ousted of his possession.
As to the costs, each party may pay his own.