GEORGE N. BLACK *vs.* JEREMIAH O. NICHOLS.

Hancock. Decided June 1, 1878.

*Limitations, statute of.*

In an action of account, the statute of limitations is pleadable in bar before the interlocutory judgment of *quod computet*, and not afterwards.

Where, in an action of account, no issue is raised before the auditor and reported by him, his report is conclusive.

ON REPORT.

ACTION OF ACCOUNT, stated in the opinion.

E. Hale & L. A. Emery, for the plaintiff.

A. & A. P. Wiswell, for the defendant.

LIBBEY, J.   This is an action of account, and comes before this court on report, by which it appears that at the October term, 1874, the defendant was ordered to account, and an auditor was appointed, and at the October term, 1876, the auditor's report was offered for acceptance.   The defendant then offered a plea of the statute of limitations, and claimed a trial by jury.   By the terms of the report, if the defendant had the right to then plead the statute of limitations and was entitled to a jury trial, the action is to stand for trial; otherwise, the court is to render judgment on the auditor's report.

The questions involved in this case were before this court in *Olesson* v. *Means*, 40 Maine, 337, and were there carefully considered; and it was decided, 1, That whatever would constitute a bar to the action must be pleaded in bar, before the interlocutory judgment to account, and that no such matter can be pleaded before the auditor; 2, When no issue is raised before the auditor and reported by him, his report is conclusive, and the defendant has no right to trial by jury.   That case is decisive of this.   The statute of limitations was pleadable in bar.   It goes to the right of the plaintiff to require the defendant to account, and can be pleaded only before the interlocutory judgment.   That judgment determines the defendant's liability to account.

No issue was made before the auditor and reported by him. There is no suggestion of misconduct or mistake on his part.   His report is conclusive.   There must be judgment for the plaintiff for the amount reported by the auditor.

> *Auditor's report accepted.*
> *Judgment for plaintiff for*
> *$671.46 and interest from*
> *date of the writ.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.

PETERS, J., being related to one of the parties, did not sit.