JAMES L. WHIPPLE, Trustee, *vs.* MERRITT F. WHIPPLE.

In a common law action of account, exceptions to an auditor's report after it has been returned are irregular and void, except so far as they affect errors apparent on the face of the report.

ACCOUNT. On plaintiff's motion to dismiss exceptions to the auditor's report.

*January* 28, 1882. DURFEE, C. J. This is an action of account in which, after judgment *quod computet,* an auditor was appointed, who stated the account and made report thereof, to which the defendant filed exceptions. The case comes before us on motion of the plaintiff to dismiss the exceptions. The motion must be granted. In a proceeding before an auditor in such an action, the correct practice is, where questions arise which the parties are unwilling to trust to his decision, to make up issues thereon, for the court if the question be one of law, and for the

jury if of fact, the auditor meanwhile waiting for the decision, and conforming the account to it when received. Exceptions taken to an account reported by an auditor, after the same has been returned, except for errors apparent on its face, are irregular and of no effect. ' *Crousillat* v. *McCall*, 5 Binney, 432 ; *Willson* v. *Willson*, 5 N. J. Law, 791; *Closson* v. *Means*, 40 Me. 337 ; *Black* v. *Nichols*, 68 Me. 227 ; and see *McMurray* v. *Rawson*, 3 Hill N. Y. 59.. The remedy by action of account is an antiquated remedy, intricate and cumbersome in its processes, and can seldom be resorted to with advantage where the accounting is likely to involve contested matters, a suit in equity being much more simple and easily managed. *Motion granted.*

*James Tillinghast & Charles A. Wilson*, for plaintiff.
*Abraham Payne & James C. Collins*, for defendant.