Closson *v.* Means.

---

CLOSSON & al. *versus* MEANS.

The action of *account* is a form recognized by our statutes, and maintainable in our Courts, where the relations of the parties authorize the one to demand of the other to render an account.

In such action two judgments are rendered, one *interlocutory,* determining that defendant shall account; the other *final,* as to the amount found due by the auditors.

Pleas in *bar* of the action must be filed *before* the interlocutory judgment.

Where no issues of fact are made before the auditors, and no charge of misconduct or partiality, their report is conclusive.

Auditors appointed under § 49 of c. 115, R. S., are the proper tribunal in all actions of *account.*

And although they refuse or neglect to report the facts by them found, when requested by one of the parties, no exceptions lie. The law requires of them no such action.

Where no issues are made up before the auditors, none can afterwards be made on the presentation of their report for acceptance by the Court.

ON EXCEPTIONS from *Nisi Prius,* HATHAWAY, J., presiding.

ACCOUNT.

The defendant was alleged to have been the bailiff of the plaintiffs from Dec. 1849 to June, 1852, having the care and management of seven-eighths of schooner Quadratus and divers goods and merchandize belonging to plaintiffs, of the value of $5000, to make profit thereof for plaintiffs, and thereof to render his reasonable account on demand.

At the second term of the Court after entry of this action, judgment was rendered that defendant should account, and auditors were appointed, who at a subsequent term made their report. This report was re-committed, and at the following term the report of the auditors was presented as follows : —

"Pursuant to the foregoing order of Court, the undersigned having duly notified the parties, met them at Bluehill, on April 17, 1855, and having examined their accounts and vouchers and fully heard their proofs, pleas and allegations, do find that the defendant did agree to sail the schooner Quadratus, after her arrival at California, at the halves, and state the accounts between them accordingly, herewith presented, marked A & B. We also report the evidence herewith presented. We are unable more fully to comply with the sundry requests of the defendant; besides, the plaintiffs requested, that if we replied to defendant's special requests, that we should answer certain inquiries by him made. The paper containing them we do not find."

The defendant motioned, in the first place, to file pleadings to form an issue to the jury, which was denied.

Second, that the report be re-committed, for sundry reasons set forth, which was also denied, and the report was accepted.·

Closson *v.* Means.

Defendant excepted to the rulings and orders of the Judge.

*Kent*, in support of the exceptions, contended that the case ought to have gone to a jury. The auditors were appointed under § 49, c. 115, R. S. A report of such auditors was not final, but might be used by either party, according to § 54 of same chapter.

That no judgment could be rendered on this report as of auditors at common law in an action of account. Their commission was solely under the statute. Besides they did not follow their commission; it required them to state only the accounts, but they have found that defendant sailed the vessel at the halves.

That the real matter in dispute was on what principle defendant was to account, whether as master sailing the vessel for the owners or on shares. They undertake to settle that fact and state the account on that basis. That they ought to have granted defendant's request and stated the accounts on both grounds. That even if the fact was as found by auditors, it was an agreement made under a mutual mistake of essential facts. That the sailing of vessels on shares was a mere coasting custom, and that none were or could be so sailed in California at that time.

*Hinckley, contra.*

1. The rejection of the motions was a matter of discretion on the part of the presiding Judge, and not liable to revision. *Walker* v. *Sanborn*, 8 Greenl. 288; *Cutler* v. *Grover*, 15 Maine, 159.

2. The motion to file pleadings for an issue to the jury was properly denied. In the first stage of the action in Court, issues might be tendered. But when the judgment to account has been rendered, the jury questions are passed. R. S., c. 115, § 57, unless where there is a refusal to account, where, on the facts being certified to the Court, a jury *may be employed* to assess the damages. In this action there is no general issue. 1 Chit. Plead. 483.

3. Issues may be made before the auditors, who may

certify them to the Court. Story's Plead. 126, Account. But in this case none were made before the auditors, and they could not afterwards be taken.

4. There being no imputation of fraud, partiality, corruption or mismanagement on the part of the auditors, the motion of defendant was properly rejected.

APPLETON, J. — The action of account, though regarded as an antique remedy, seems to have been occasionally adopted in most of the States. *Gratz* v. *Phillips*, 3 Bin. 474; *Wilson* v. *Wilson*, 2 South. 791; *Smith* v. *Woods*, 3 Verm. 485; *Green* v. *Johnson*, 3 Gill. & Johns. 388; *McPherson* v. *McPherson*, 11 Iredell, 391; *Hale* v. *Hale*, 3 Day, 377; *Kelley* v. *Kelley*, 3 Barb. 419. It was resolved, in *Fowle* v. *Kirkland*, 18 Pick. 299, that this form of action was maintainable in Massachusetts, before its abolition by R. S., c. 118, § 43. In this State, it is expressly sanctioned by R. S., c. 115, § 57, and there have been occasional instances of its use.

In England, this form of action became almost obsolete, but in *Scott* v. *McIntosh*, 2 Camp. 239, which was an action of assumpsit, brought to recover the balance of a running account of many years standing, and consisting of over a thousand items, Lord ELLENBOROUGH held, when the cause came on for trial, that " the action of account was the proper remedy," and nonsuited the plaintiff because " those who wisely framed our jurisdiction did not contemplate a long account between merchants being referred to a jury." " Let the plaintiff bring his action of account," he added, " and auditors will be appointed who will do justice to the parties, without producing any inconvenience to the public." So the plaintiff was not to recover in consequence of the number of unpaid items due from the defendant. But in *Tompkins* v. *Wilshear*, 5 Taunt. 431, it was held, that assumpsit would lie for the balance of an account, notwithstanding the items might be numerous, it being difficult to perceive why, if this form of action might be maintained for

one item, it might not for more. *Arnold* v. *Webb*, 5 Taunt. 431, n. In England, this form of action appears to have been occasionally adopted in their different courts. *Stanton* v. *Richardson*, 13 Mees. & Wels. 17; *Archer* v. *Prichard*, 3 Dowl. & Ry. 596.

In the action of account there are two judgments; the first interlocutory, that the defendant do account; and the second, that the plaintiff do recover such amount as, upon accounting before auditors appointed by the Court, the defendant may be found in arrear.

The first judgment determines whether the relations between the parties exist, which give the plaintiff a right to an account. Upon this no damages can be awarded, for it may be, the defendant, after he has accounted, may not be found in arrear. "Whatever matter," says WILMOT, C. J., in *Godfrey* v. *Saunders*, 3 Wils. 94, "can be pleaded in bar to the action, must be so pleaded; and that whatever may be pleaded in bar, cannot afterwards be pleaded before the auditors, the reason is plain, given in Styl. 411, and in a Ms. note of Rolle, which I have, it must be so pleaded, *to avoid trouble and charge to the parties.*"

Before the auditors no plea can be filed which would have constituted a bar to the action, "because it would introduce either contrary verdicts, or two verdicts of the same, which would be absurd." But there are a variety of pleas, which not being in bar of the action, may be filed before the auditors. 1 Com. Dig., Accompt, E, 11. "The proper manner of proceeding in account rendered," says TILGHMAN, C. J., in *Crousillat* v. *McCall*, 5 Binney, 433, "is to take issues before the auditors, of all matters alleged by one party and denied by the other, either of fact or of law, which are then decided by the Court and jury. The auditors then finally settled and adjusted the account. If either party desire to join issue, and the auditors refuse permission, the Court will set the matter to rights. Exceptions to the report of auditors, after the same has been returned, are irregular and of no effect." If no issue in fact is raised, the

report of the auditors is final, unless some reason is shown for setting it aside by reason of misconduct on their part. When the report of the auditors is accepted, the judgment then is, that the plaintiff do recover against the defendant the sum found due by the auditors.

In this case the defendant insists, 1st, that the appointment of the auditor was erroneous, and that the whole matter must on that account be again referred. By recurring to *Godfrey* v. *Saunders*, 3 Wils. 72, where the whole record in an action of account is fully set forth, the proceedings here are correct. The plaintiff, according to the record in the case just referred to, comes into Court by his attorney, and the defendant in his proper person, and the defendant "fairly offers himself to account with the plaintiff," &c., whereupon auditors are assigned by the Court " to take and declare the said account" between the parties. The statute, R. S., 115, § 49, authorizes the appointment of "one or more auditors to hear the parties, and examine the vouchers and proof, and state the accounts and make a report thereof to the Court."

The authority thus given, and the duty thus imposed upon auditors, is substantially the same as that conferred upon them by the common law in this form of action. Indeed, it has been decided, that when auditors are appointed to audit accounts in actions of debt, book debt, &c., the same proceeding shall be had as in the proper action of account. *Manley* v. *Collins*, 4 Har. & McHen. 65. As this form of action is recognized in § 57 of the statute giving the Court authority to appoint auditors, it cannot be doubted, that the powers and the duties of auditors would be the same in all cases in which their appointment should be required. The commission, therefore, under which the auditors proceeded, whether it be regarded as at common law or under the provisions of the statute, must be regarded as substantially correct.

2. It is next objected, that the auditors have not, though requested, reported specifically the facts for the considera-

tion of the Court. This they were under no obligation to do. It is not required of them at common law, and is made no part of their duty by statute. The neglect or refusal to do what could not lawfully be required of them, furnishes no just ground for exception.

3. The defendant insists, that he may now be permitted to form an issue and try his rights before a jury. But this cannot be. No such claim appears to have been made before the auditors. No plea was then filed, and no issue joined and certified. The parties submitted to the jurisdiction of the auditors. In *Wilson* v. *Wilson*, 2 South. 791, after judgment that defendant account had been rendered, auditors were appointed, who reported in favor of the plaintiff. The objections to the report were, that they had determined certain disputed questions and had acted as arbitrators. In giving the opinion of the Court, KIRKPAT-RICK, C. J., said, the auditors have stated the account, they have delivered it into Court, there have been no denials made, no issues taken upon it; the balance is declared and judgment entered; there can, therefore, be no errors assigned, but such as are apparent upon the face of the record itself."

No error is perceived in the proceedings. The exceptions must be overruled. *Exceptions overruled.*

*Judgment for plaintiff.*