ARTHUR L. ALMY *et al.*, Executors, *vs.* MARIUS S. DANIELS.

When a question was presented by the pleadings in a suit in equity, argued by counsel, urged upon the court, and decided by it, the question is *res adjudicata* between the parties to the suit, even if the decision of the question was not strictly necessary in determining the suit.

*Almy* v. *Daniels*, 11 R. I. 250, affirmed.

In an action of account under Pub. Stat. R. I. cap. 236, by one tenant in common against his co-tenant, it appeared at the trial that the plaintiff had been excluded from one half of the common realty by the defendant, while plaintiff and defendant occupied the other half in common.

The defendant offered to prove that the plaintiff's use and occupation of this other half was equal in value to the use of his proper share of the whole.

*Held*, that the evidence could not be received, and was no answer to a demand for an account.

When a tenant in common has the entire and exclusive occupation of the whole or any part of the common estate, he is liable to account therefor.

When he has the income or profit of more than his share, he is liable to account for the excess.

When he uses the estate only to an extent less than his share, and not to the extent of an ouster or denial of right of his co-tenant, he is not liable to account. Hence such use cannot be offset against the excessive use by his co-tenant.

In an action of account the defendant pleaded the general issue and the statute of limitations. No replication was filed to the plea of the statute of limitations, but a general verdict was rendered for the plaintiff.

*Held*, that the plea of the statute of limitations not being replied to was a bar as to matters of account prior to the six years next before action brought.

*Held*, further, that the plaintiff was entitled to an account for the six years prior to and ending with the date of his action.

ACCOUNT. Defendant's petition for a new trial. Instructions to the auditor.

*May* 13, 1886. TILLINGHAST, J. This is an action of account brought under the provisions of Pub. Stat. R. I. cap. 236,[1] by the executors of the will of Humphrey Almy, deceased, against the defendant, who, it is alleged, was a tenant in common with the plaintiffs' testator in his lifetime of a certain strip of land, 40 by 36 feet, lying on the southerly side of Custom House Street, in the city of Providence.

The case was tried to a jury at the October Term, A. D. 1885, of this court, resulting in a verdict for the plaintiffs for an account by direction of the court. The defendant now petitions for a new

---

[1] See *Knowles* v. *Harris & Lippitt*, 5 R. I. 402, for the construction of this statute, as distinguished from that of 4 Anne, cap. 16, § 27.

trial, on the ground that certain rulings of the judge presiding at said trial, and particularly the one directing a verdict for the plaintiffs, were erroneous.

The first contention which the defendant makes is that the plaintiffs' testator had no title to the premises in question, because he, in his lifetime, by deed dated June 21, 1860, conveyed all his right, title, and interest therein to one Lewis P. Mead, which title, by sundry mesne conveyances, has come to him, and that he is now the sole owner of said premises.

In order to prove their title, the plaintiffs, after introducing a number of deeds bearing thereon, offered the plat and papers in *Almy* v. *Daniels*, an equity suit between the same parties respecting the same strip of land, tried and determined in this court in 1875, see *Almy* v. *Daniels*, 11 R. I. 250, together with portions of certain depositions taken and used in the trial of said case to aid the court in the construction of said deed. The defendant's counsel consented to the offering of this testimony, but objected to its competency to explain the deed, and contended that it did not explain the deed.

The plaintiffs contended, at the time of the offering of said evidence, that this deed from Almy to Mead had already been judicially construed by the court in the equity suit referred to, and that the question was therefore *res adjudicata*. The defendant contended, however, that the construction put upon said deed in said case was mere *obiter dictum*. Upon a careful examination of that case, we find that the title of the plaintiffs' testator to the land in question was directly involved therein. The defendant then claimed precisely what he now·claims, viz., that by this deed the plaintiffs' testator " conveyed all his interest in the gangway or street to Mead, which by sundry mesne conveyances has come to him."

The bill asked " that the deed be construed to apply only to such interest in the street as was conveyed to the complainant by Bailey; or, if the court do not give such construction, to reform the deed, as it was a mistake which arose from the fact that the scrivener copied the language of Bailey's deed, not knowing that Almy had any other interest in the street than that mentioned in said deed." The opinion shows that the question as to the proper

construction of said deed was "raised and fully argued in the case," and that thereupon the court decided that this strip of land was held by the plaintiffs' testator and the defendant as tenants in common. And although it was not strictly necessary for the court to pass upon this question, as the bill was dismissed on the ground that no contract was proved for a private way over the strip of land in dispute as alleged in the bill, yet, as the point was distinctly raised by the pleadings, fully argued by counsel, and thus deliberately passed upon by the court, we think the construction put upon the deed must be held to be *res adjudicata*. The dismissal of the bill, also, without reforming the deed as prayed, shows that the court must have found that it did not need reformation. In *Alexander* v. *Worthington*, 5 Md. 471, 489, the court say: "All that is required to establish the authority of any decision is that the *very point* decided was actually before the mind of the court, and was investigated with care and considered in its fullest extent." "When a question is presented by a bill in equity, urged and relied upon in the argument, and passed upon by the court in the opinion, it cannot with reason be said that the point was not involved, and the opinion of the court on the question is *obiter dictum*." *The People* v. *Wabash, St. L. & P. R. R. Co.* 104 Ill. 476, 488. See, also, Wells on Res Adjudicata, §§ 5, 582; 2 Smith's Lead. Cas. 7th Amer. ed. p. 648; *Central Land Co.* v. *City of Providence*, ante, p. 246; *Aurora City* v. *West*, 7 Wall. 82 *Perkins* v. *Walker*, 19 Vt. 144.

Whether the evidence admitted as aforesaid to explain the deed, against the defendant's objection as to its competency for that purpose, was the basis upon which the justice presiding at said trial made his ruling as to the construction thereof, or whether it was upon the ground of the former decision, is not apparent from the record, nor is it material; for, even admitting that the evidence offered was the basis of the ruling, still there is no occasion for the defendant to complain thereof, as he has suffered no possible harm thereby. We think it would have been the duty of the court to rule as it did, without this evidence, upon being informed of the facts in the former case. The ruling complained of, therefore, was correct, irrespective of the ground upon which it was put.

We have also carefully examined and considered the evidence offered as bearing upon the construction of said deed, and are of the opinion that it fully supports the decision arrived at in *Almy* v. *Daniels, ante.* It frequently happens that, either by reason of some ambiguity in the language of a grant, or by the surroundings and appellations of the subject-matter thereof, it is not entirely clear what was intended to be included therein. And, in order to aid in the construction of deeds containing such infirmities, the law wisely permits the introduction of parol evidence. Neither is this any infringement of the well-known rule contended for by the defendant, that parol evidence is not admissible to contradict or vary the terms of a written instrument. On the contrary, it is for the express purpose of ascertaining precisely what was the intention of the parties, and of giving force and effect thereto. Furthermore, the fact that there is a repugnancy, in the deed under consideration, between the language first used and that which follows, does not necessarily compel the court to adopt the *primâ facie* construction of the former to the exclusion of the latter, so long, at least, as it is possible, either by a careful study of the whole instrument, together with what is made a part thereof by reference, or by the aid of extrinsic evidence, to ascertain the true intention of the parties thereto.

The rule laid down by this court for the construction of deeds in *Almy* v. *Daniels,* 11 R. I. 250, and *Waterman* v. *Andrews,* 14 R. I. 589, is in accord with the current of authorities of the present day, and well adapted, in our judgment, to secure the ends of justice.

The only remaining question to be settled is whether, under the evidence, the plaintiffs are clearly entitled to an account.

The evidence showed that the defendant, who was the owner of twenty twenty-seventh parts of the strip in question, erected a building on twenty feet of the west part thereof in 1875, against the objection of the plaintiffs' testator, and ever since has had the exclusive use thereof ; that there was a sidewalk next to said building two and one half feet wide, which the defendant generally occupied for the storing of oil-casks and other merchandise ; that there was also a sidewalk next to the plaintiffs' block, opposite, four feet wide, on which the tenants of the plaintiff stored oil-

casks, molasses, and other merchandise, and that the defendant never used said last mentioned sidewalk for the purposes of storage or in any other way, although never denied the use thereof; and that the gangway between said buildings was used about as much by the defendant as by the plaintiff and his tenants. Also, that said Humphrey Almy deemed it very important to the value of his property that said strip of land should be kept open of the width of forty feet, as he had arranged offices, constructed a stairway, and made improvements in his block which he would not have made had he not expected that said lot would have been so kept open.

The defendant offered to show, by the testimony of wholesale grocers who were acquainted with the use made of the premises by Almy's tenants, that he did in fact have the use and benefit of fully seven twenty-seventh parts of said strip of land; the defendant contending that it was a question of fact for the jury whether, notwithstanding the exclusive use and occupation by him of the part covered by his building, the plaintiffs did not still have and use all they were legally entitled to. This evidence was ruled out by the court, and the defendant duly excepted thereto.

It was also in proof on the part of the plaintiffs that the defendant never paid any rent for the use of the twenty-foot strip covered by his building, from the time he erected the same to the death of Humphrey Almy, June 24, 1883, and that demand for rent was made by the plaintiffs September 5, 1885.

The evidence further showed that no objection had ever been made by the defendant to the use made of the premises by the plaintiffs' testator or his tenants; nor had the defendant's use of the sidewalk and gangway ever been objected to by the plaintiffs' testator.

The facts, then, in short, are these: The parties are tenants in common of the strip of land in question, the plaintiffs owning seven twenty-sevenths and the defendant twenty twenty-sevenths thereof. The defendant has absolutely excluded the plaintiffs' testator and the plaintiffs, against their objection, from all use and benefit of one half part thereof since 1875, and the remainder is and has been occupied by both parties as tenants in common.

Are the plaintiffs, under this state of facts, clearly entitled to an account? We think they are. The right of action here employed is given as between tenants in common " whenever . . . one or more of the owners of such common property shall take, receive, use, or have benefit thereof, in greater proportion than his or their interest therein." And it can hardly be claimed that the defendant, by absolutely ousting his co-tenant from all use and benefit whatsoever of one separate half of the common property, did not " take, receive, use, or have benefit" of that part, at least, " in greater proportion than his interest therein." And we think it quite immaterial whether or not, in point of fact, the plaintiffs' testator did subsequently receive more than his share of the use and benefits of the remainder of said common property as is claimed by the defendant, or whether, in fact, he did receive what would, in the judgment of others, be equal in value to the use of his share of the whole. He had an undoubted right to the use of the *entire strip*, in common with the defendant, and the latter could not assume the right, simply because of his larger ownership therein, to make partition thereof, and thereby exclude his co-tenant from any particular part.

Having excluded him from all use and benefit of one half of the common property, and having erected thereon a permanent building, of which the defendant has had the sole and exclusive use and benefit for a number of years, we think that, as matter of law, and irrespective of what was shown in evidence, or could have been shown under the offer of proof made by defendant as to the manner in which the remainder of the common property had been used by the co-tenants, the plaintiffs are clearly entitled to an account. The court properly ruled the evidence inadmissible. See *Izard* v. *Bodine*, 11 N. J. Eq. 403; *Hayden* v. *Merrill*, 44 Vt. 336; *Knowles* v. *Harris & Lippitt*, 5 R. I. 402.

*Petition dismissed.*

After this opinion was given, the matter was referred to an auditor to state the account between the former tenants in common. While the matter was before the auditor, the plaintiffs applied to the court for instructions to the auditor on questions of law raised before him. The application was argued by counsel

before Stiness and ·Wilbur, JJ., who instructed the auditor as follows : —

*July* 30, 1887.   When this case was before the court upon petition for new trial, the court held that the plaintiffs' intestate had the right to use the entire strip in common with the defendant, and that the defendant's exclusive possession and ouster of his co-tenant of any portion was, *ipso facto,* a use of a greater portion than his interest therein, which entitled the plaintiffs to an account. That decision did not depend upon the use which it was claimed had been made of the balance of the land in connection with the plaintiffs' estate, because the defendant's occupancy of the half covered by his building was such an ouster of the plaintiffs as to interfere with their rights as tenants in common, and thus to entitle them to an account.

The question now comes upon the right to charge the plaintiffs with the use which they have made of the other half of the land. The land in question is forty feet on Custom House Street, and thirty-six feet deep.   A strip twenty feet wide on Custom House Street is covered by the defendant's building, and the remaining twenty feet is and has been used as a gangway.  On the plaintiffs' side is a sidewalk four feet wide, and on the defendant's side one which is two and a half feet wide.   Each of these has been used from time to time by the tenants of the adjoining buildings for storing oil barrels.   We are now asked to instruct the auditor whether he is to consider such use in making up the account.   We think the following rules, derived from decided cases, will sufficiently answer the question : —

1.  When a tenant in common has the entire and exclusive occupation of the whole or any part of the common estate, he is liable to account therefor.

2.  When he has the income or profit of more than his share, he is liable to account for the excess.

3.  When he uses the estate only to an extent less than his share, and not to the extent of an ouster or denial of right of his co-tenant, he is not liable to account ; and therefore such use cannot be offset against the excessive use by his co-tenant.  A charge for such use would be a charge for the use of one's own property and for the exercise of his legal right.   See the former opinion in

this case, *ante*, p. 312. *Knowles' Administrator* v. *Harris &
Lippitt*, 5 R. I. 402 ; *Hayden, Administrator*, v. *Merrill*, 44 Vt.
336 ; *Edsall* v. *Merrill*, 37 N. J. Eq. 114 ; *Colburn* v. *Mason*, 25
Me. 434. The question of exclusive occupation calls for a finding
of fact, in regard to which it is not the province of the court to
instruct the auditor.

As to the statute of limitations : The rule is that the statute
begins to run from the time a tenant in common denies the right
of his co-tenant. This denial of right may be shown by a refusa-
to pay or account, on demand, or by an ouster. Although a tenant
in common is bailiff of his co-tenant, yet, if he denies the right of
the co-tenant and holds adversely to him, the confidential relation
ceases, and the statute begins to run from that time. *Terrill* v.
*Murry*, 4 Yerg. 104 ; *Northcott* v. *Casper*, 6 Ired. Eq. 303 ; *Jolly*
v. *Bryan*, 86 N. C. 457 ; *Huff & Chambers* v. *McDonald*, 22 Ga.
131. See, also, *Crapo, Executor*, v. *Cameron*, 61 Iowa, 447 ; *Tarle-
ton* v. *Goldthwaite's Heirs*, 23 Ala. 346 ; *Wagstaff* v. *Smith*, 2
Dev. Eq. 264. As the ouster in this case consisted in the exclu-
sive appropriation of a portion of the land to the defendant's
building, the statute began to run, as to that portion, when such
appropriation took place, and not from the time of demand for an
account, as claimed by the plaintiffs.

But the plaintiffs contend that the benefit of the statute is not
now open to the defendant. The statute must be pleaded before
the interlocutory judgment to account. *Closson* v. *Means*, 40 Me.
337 ; *Black* v. *Nichols*, 68 Me. 227. The defendant pleaded to the
declaration, with the general issue and special pleas, that the cause
of action did not accrue within six years. To this plea no replica-
tion was filed, but the case went to the jury upon all the pleas, and
the jury returned a general verdict for the plaintiffs without any
findings on the special pleas. The plaintiffs say that upon such a
verdict all the issues must be taken as found in their favor, because
otherwise the verdict could not have been found at all, and hence
that the plea of the statute of limitations has been found against
the defendant. It is an established rule that a verdict for the
plaintiff on the general issue, which could not have been found if a
special plea had been sustained, is, in effect, a verdict also for the
plaintiff on the special plea. *Burdick* v. *Burdick, ante* p. 165 ;

*Carroll* v. *Graham,* 8 R. I. 242. In this case, therefore, the record shows that the plaintiffs had a cause of action, which accrued within six years. This point is not now open to dispute. Although there was no replication, and so no issue on this point properly framed to submit to the jury, yet, as the case was submitted upon the pleadings as they stood, we must consider that the defendant waived the want of a replication to his plea of the statute of limitations, and that the jury on that plea found that the cause of action did accrue within six years. *Glenn* v. *Copeland,* 2 W. & S. 261 ; *Ensley* v. *Wright,* 3 Pa. St. 501 ; *Sauerman* v. *Weckerly,* 17 Serg. & R. 116 ; *Couch* v. *Barton,* Morris, Iowa, 467.

The plea of the statute is a bar to the plaintiffs' recovery unless it is avoided by the reply thereto, which may be disability, new promise, part payment, fraud, etc. But if there is no replication, what effect shall we give to a finding in favor of the plaintiffs on the plea alone ? The verdict imports simply a cause of action within six years, nothing more. If a part of the account is barred by a plea of the statute, how can we say the bar is avoided ? Clearly not in either one of the ways mentioned above, because neither one of them has been set up nor passed upon. Nor is it avoided by the effect of the verdict, for the jury only say the plaintiff has a cause of action accruing within six years. To all back of that period the plea is a bar, because it is not replied to, nor avoided, nor involved in the verdict. . We therefore think the plaintiffs are entitled to an account, under the rules we have laid down, for the period of six years prior to the date of their action, but not beyond that. We see no other conclusion that is consistent with the record as it stands upon this somewhat extraordinary state of pleadings and finding.

*Joseph C. Ely & Herbert Almy,* for plaintiffs.

*Benjamin N. Lapham,* for defendant.