DECISION
This matter is before the Court on Plaintiffs' Motion to Dismiss that part of Defendants' counterclaim that seeks an accounting from 1967 to the present.
 FACTS/TRAVEL
The subject property is a three family dwelling located at 10 Dearborn Street, Newport, Rhode Island. The parties own this property as tenants in common. Lucia Ripa was the original owner of this property for the purposes of this action. When she died, in 1967, her children Sebastian, Victoria and Isabel became the record owners as tenants in common. In 1985, Sebastian died leaving his 1/3 share to his wife Patricia. Patricia deeded this share equally to their three children, Carmelo, Santo and Lucy (plaintiffs). In 1997, Isabel died leaving her 1/3 interest in equal shares to her children (defendants) Robert Polenski, George Behan, Edgar Behan and Elizabeth Scinto. Victoria is alive mid retains her entire 1/3 interest.
Plaintiffs' filed a Motion for Commencement of Partition Proceedings and Defendants' Motion to Compel Accounting. In response, Defendants filed a counterclaim seeking an accounting pursuant to R.I.G.L. § 10-2-1 et seq. They subsequently filed a Motion to Compel Accounting.
On December 16, 1998, this Court granted Plaintiffs' motion for commencement of partition proceedings. It was further ordered that the property be sold and a commissioner was appointed for this purpose. Plaintiffs filed the instant motion to dismiss that portion of Defendants counterclaim which seeks an accounting prior to their acquisition of title in 1997.
 MOTION TO DISMISS
The Defendants' counterclaim requests an accounting from 1967. The Defendants claim that the Plaintiffs have exclusively realized the income from the two apartments since that date. Plaintiffs object to that part of the claim which pre-dates 1997. While they agree that the Defendants are entitled to an accounting from June 3, 1997, the date Plaintiffs acquired title, Plaintiffs argue that anything before 1997 is barred by the statute of limitations. Both parties agree that a cause of action for an accounting under R.I.G.L. S 10-2-1 is governed by the ten-year statute of limitations set forth in R.I.G.L. § 99-1-13(a).
The Plaintiffs have broken defendants' claim into two separate time periods. The first is Isabel Behan's right to an accounting. According to the Plaintiffs way of thinking, this action began to accrue on the date that she acquired her share. The Plaintiffs cite Almy v. Daniels, 15 R.I. 312, 10 A. 654 (R.I. 1887) for the proposition that in a cause of action for an account between owners of common property, the cause of action accrues when a co-tenant(s) appropriates part of the property to his or her exclusive use or denies the rights of his or her co-tenant(s).Plaintiffs' Memorandum at 3. Isabel Behan took her 1/3 share in 1967. At that time, Plaintiffs argue, her cause of action for an accounting was activated. Since no action was brought within the ten year time period, Plaintiffs claim that it was barred by the statute of limitations.
However, the Plaintiffs recognize that when the Defendants took their shares in 1997, the statute of limitations clock began anew. Therefore, Plaintiffs argue, the part of the Defendants' counterclaim which requests an accounting from 1967 through 1997 should be denied. The claim from 1997 to the present is not really at issue.
The Defendants disagree with Plaintiffs' assertions regarding when the statute of limitations begins to run. They say that under Almy, 15 R.I. at 319, the ten year statute of limitations did not start running until an actual demand for an accounting had been made. Therefore, they argue, since the demand for an accounting was not brought until 1998, and under Almy that demand started the clock, their claim is not barred by the statute of limitations.
The purpose of the statutes of limitations is to prevent stale claims from springing up at a great distance of time and surprising parties when all proper evidence is lost or the facts have become obscure from lapse of time, defective memory, death or removal of witnesses, 54 C.J.S. Limitation of Actions § 3. Statutes of limitations generally operate prospectively unless there is an expressly stared legislative preference for retroactive application. Id., § 7. "The rule is that the statute begins to run from the time a tenant in common denies the right of his co-tenant. . . . Although a tenant in common is bailiff of his co-tenant, yet, if he denies the right of the co-tenant and holds adversely to him, the confidential relation ceases, and the statute begins to run from that time." Almy, 15 R.I. at 319, citing Terrill v. Murry, 4 Yerg. 104; Northcott v.Casper, 6 Ired. Eq. 303; Jolly v. Bryan, 86 N.C. 457; Huff Chambers v. McDonald, 22 Ga. 131.
In this Court's opinion, the Defendants are entitled to an accounting from the date of their mother's death. Since their rights did not vest until her death, they did not have any legal right to demand an accounting before that time. Any cause off action with regard to Isabel Behan's one third interest lay exclusively with her during her lifetime and her causes of action died with her. Isabel Behan held her interest for thirty years. It is uncontested for almost the entire thirty years, Ms. Behan's brother Sebastian Ripa and his family almost continuously rented at least two of the three units in the subject property and collected the rents. Ms. Behan had in fact three decades in which to raise any causes of action she might have had and to demand an accounting if she chose. Since she did not do so before her death the statute of limitations has clearly rim with regard to her interests.
In so finding, this Court is mindful that the purpose of the statute of limitations is to prevent parties from being prejudiced by claims which arise long after evidence has diminished, memories have waned and witnesses have died. In this case, two of Lucia Ripa's children have already died. It is not possible to question them about their relationships with each other and with their sibling Victoria. This Court recognizes that family relationships are intricate and sometimes tenuous. When one member feels wronged he or she often passes stories along to other family members. Along the way, emotions sometimes play a role in the alteration and embellishment of facts. There is no fair way for this Court to discern the truth based on evidence about the actions of Sebastian Ripa and Isabel Behan in the years they owned this property. Therefore, the purpose of the statute of limitations would be defeated if this Court were to find that Isabel's action for an account had not extinguished with her death. This finding however, does not change the fact that these Defendants are entitled to an accounting from June 3, 1997, the date on which their interests vested.
The Plaintiffs have also claimed that the Defendants request for an accounting from 1967 was barred by the doctrine of laches. Having already decided that this portion of the counterclaim is barred by the statute of limitations, it is not necessary for this Court to discuss the doctrine of laches. However, even if this Court finds that the statute of limitations did not abrogate Defendants' request, the same reasoning and facts applied in that discussion would eliminate that request under the doctrine of laches.
For the aforementioned reasons, the Plaintiffs' Motion to Dismiss that part of Defendants' Counterclaim that seeks an accounting before June 3, 1997 is granted.