MARY A. JOLLY and others v. D. O. BRYAN.

*Tenants in common—Statute of Limitations—Agent—Interest—Rents and profits—Deed.*

1. A tenant in common, in the possession and sole enjoyment of the common property, is not protected by the statute of limitations from accounting with his co-tenants for rents and profits. He is regarded

as their agent, and the statute will begin to run only from demand and refusal to account.

2. He is also chargeable with interest from the date of demand or suit brought—and in this case, from 1873, when in the proceeding for partition the defendant set up the plea of sole seizin, thereby ending the confidential relations subsisting between himself and his co-tenants.

3. The *habendum* of a deed—to have and to hold said land with the rents and profits, &c.,—does not operate to pass title to rents theretofore accrued.

(*Wagstaff* v. *Smith*, 4 Ired. Eq., 1, commented on ; *Northcott* v. *Casper*, 6 Ired. Eq , 303; *Hyman* v. *Gray*, 4 Jones, 155 ; *Barlow* v. *Norfleet*, 73 N. C., 535, approved.)

CIVIL ACTION tried at Spring Term, 1882, of MOORE Superior Court, before *Shipp, J.*

In 1873 some of the parties, who constitute the plaintiffs in the present action, instituted proceedings against the present defendant, alleging that they were tenants in common with him in certain lands, and asking for a sale thereof, for the purposes of partition. The action pended upon the issues joined, until spring term, 1878, of the superior court, when a decree was rendered declaring that the plaintiffs were entitled as alleged by them, and directing the lands to be sold for partition, and accordingly the same were sold in November of that year.

Thereupon the plaintiffs instituted this action, in which they allege that the defendant has been in the exclusive possession and enjoyment of the said lands from the first day of January, 1867, and they pray for an account of the issues and profits thereof. In his answer the defendant sets up as a defence the statute of limitations. On the trial the judge held that the statute did not apply to an action like this, brought for an account by tenants in common against their co-tenant, and so instructed the jury, to which the defendant excepted.

It appeared in evidence that on the 16th day of May, 1878, just before the sale under the said decree, the defend-

ant purchased of the plaintiffs, Allen M. Martin and wife, their undivided share in said lands, and took from them a deed, the *habendum* of which was in these words: "To have and to hold the said lands and premises, and all and singular, the tenements, hereditaments, woods, ways, mines, minerals, improvements, *rents, issues, profits*, remainders and appurtenances thereto belonging," &c. And the defendant insisted that, according to the true construction of the deed, he had acquired the right of his grantors in all the antecedent rents and profits, and asked the court so to instruct the jury, which was declined, and he excepted.

In response to the issues submitted, the jury found that "the fair rental of the land" was $75 per year, and assessed the value for the whole period, after deducting for improvements, at the sum of $812. The jury, though instructed by the court that they might do so, allowed the plaintiffs no interest upon the annual values of the lands. In moving for judgment the plaintiffs asked the court, to allow them interest on the rental values, as fixed by the jury, from the end of each and every year that the defendant had the sole use of the lands. This was refused and the plaintiffs excepted. Both parties appealed.

*Messrs. Hinsdale & Devereux*, for plaintiffs.
*Mr. W. A. Guthrie*, for defendant.

RUFFIN, J. All the points involved in the two appeals seem to us to have been settled, if not directly, by necessary implication, by adjudications already made in this court. In *Wagstaff* v. *Smith*, 4 Ired. Eq., 1, it was held that a tenant in common, in possession and sole enjoyment of the common property was protected by the statute of limitations from accounting with his co-tenants, for rents and profits received more than three years prior to the bringing of the action; and that interest should be allowed against him,

only from the time of actual demand made, or suit insti-
tuted. The decision proceeding upon the idea that, under
the statute of 4th Anne, which gave the right of action to
one co-tenant in common against another in possession, to
call him to account, *as bailiff,* for what he had received in
excess of his own share, it was the *receipt* of the profits
which created the cause of action, and that it did so imme-
diately and *toties quoties* whenever it occurred; though as to
the point about the interest, it was put upon what certainly
seems to be an inconsistent ground, that money payable on
demand drew no interest until demand made, either actual
or by suit.

But the case itself was not permitted to stand long as an
authority. In *Northcott* v. *Casper,* 6 Ired. Eq., 303, the point
as to the statute of limitations in such cases, again came
before the court and after much consideration, all three of
the judges delivering opinions *seriatim,* it was conceded that
the decision in the former case could not be sustained,
either upon principle or authority; and accordingly the
same was in terms overruled.

In discussing the question, in this latter case, it was said,
that the effect of the statute, (it being the same with Rev.
Code, ch. 31, § 99,) was to introduce between the parties the
relation of principal and bailiff, as fully and effectually, as
if the same had been done by express agreement and stipu-
lation, on the part of one to act for all; and that, inasmuch
as the statute would not begin to run, in case there had been
this express understanding between the parties, until a de-
mand and a refusal, or the office of bailiff had terminated,
so neither could it in the case of the implied agency, under
the statute. "The statute of limitations begins to run only
when the cause of action accrues, and the cause of action
cannot accrue until the one withholds what the other de-
mands, or is presumed to demand, and as in every other
agency, a demand is not presumed until the relation ceases."

Again, it was said, that until the demand and refusal, the defendant is not in fault; *it is the refusal* which puts him in the wrong and exposes him to the action.   He is deemed in law to have, by express contract, assumed to receive for his companions, their shares of the profits, from time to time as they shall accrue, and so long as he continues to do so, his agency lasts, and there can be no adverse relations between them, which can give rise to a cause of action; and conse- quently the statute of limitations was not allowed to prevail as a defence in that case.

Now does not the same reasoning apply with equal force to the point about the interest?   Indeed, does it not render the decision in *Wagstaff* v. *Smith* in regard to that question, consistent with the reasoning in both cases, and put it upon impregnable ground?

If the statute has the effect, for one purpose, of establish- ing a contract on the part of the defendant to act as bailiff for the plaintiffs, that is, as their agent to receive and hold the profits, as they shall accrue, to their use and to account for the same when demanded, it must do so for all purposes. If an agent, either by express stipulation or by legal intend- ment, he is not liable for interest before demand and refusal or suit brought.   As said in *Hyman* v. *Gray*, 4 Jones, 155, being an agent, he was not bound to seek the plaintiffs for the purpose of paying over to them; and if he had paid when demand was made, there would have been no default on his part, and he would not have been chargeable with interest at all.   And there can be no principle upon which he can be charged with it, farther back than the date of demand.

If his refusal to account can have relation, so as to give the plaintiffs interest from the date of each annual receipt of profits, it must necessarily have the further effect to let in the defence of the statute of limitations; for the one is correlative of the other.

When, then, did the defendant's liability for interest begin in this case? In the opinion of the court it began in 1873, when, in the action for partition, he set up his plea of sole seizin and thereby ended the confidential relations subsisting between his co-tenants and himself, and determined his office of bailiff. It would be absurd to say that, by setting up an adversary claim to the land itself, he did not deny the right of the plaintiffs to have an account from him of the profits issuing thereout. In fact, but for the analogy to the rule which prevailed in the action of ejectment, and according to which the action for *mesne* profits did not accrue until after judgment in the main action, nor the statute of limitations begin until after possession taken thereunder, we should have been obliged to hold that the whole of the plaintiff's present cause of action accrued at that time, and the statute then put in operation against it.

As it was, we think His Honor should have instructed the jury, that the plaintiffs were entitled to interest upon the aggregate amount in the hands of the defendant, and held by him to their use, at the commencement of the said proceedings for partition, and upon the rental value of each and every year thereafter.

As we have seen, the law implies a contract on the part of the defendant, under the circumstances, to account and pay on demand; and the statute governing the case (Rev. Code, ch. 31, § 90) declares that "all sums of money due by contract of every kind whatever, excepting only money due on penal bonds, shall bear interest." *Barlow* v. *Norfleet,* 72 N. C., 535. As this, however, can be corrected by a simple calculation, it is not necessary to disturb the verdict, but only to modify the judgment in this particular.

As to the deed from the plaintiffs, Allen M. Martin and wife, to the defendant, we are of the opinion that it cannot have the effect given to it of passing the rents theretofore accrued. These sums had ceased to be *rents,* or in any wise

incident to the land, and had become a debt due from the defendant personally to the plaintiffs for moneys had and received to their use. To manifest an intention to pass sums so held, requires something more than the mere use, in the *habendum* of a deed, of the terms, *rents* and *profits*, as being appurtenant to the land conveyed ; and this, independently of the technical rule, which restricts the operation of the *habendum* to that which is the subject matter of the premises of the deed.

The judgment of the court below is therefore affirmed except as to interest, in which particular it will be modified as herein declared.

PER CURIAM.                    Judgment accordingly.