RECA P. PERRY v. ROBERT PERRY

No. 857SC382

(Filed 1 April 1986)

1. **Husband and Wife § 15.1— tenancy by the entirety—equal right to control statute—applicability to pre-1983 estates**

    The equal right to control and income provisions of N.C.G.S. § 39-13.6(a) were intended by the Legislature to apply to tenancies by the entirety created before the effective date of the statute, 1 January 1983.

2. **Husband and Wife § 15.1— tenancy by the entirety—equal right to control— application to pre-1983 estate—no taking of vested rights**

    Application of the equal right to control and income provisions of N.C.G.S. § 39-13.6(a) to pre-1983 estates by the entirety did not amount to a taking of the husband's vested property rights without due process of law where the husband's claim to the exclusive right to control and income was based solely upon the common law incidents of a tenancy by the entirety.

APPEAL by plaintiff from *Bruce, Judge.* Judgment entered 2 January 1985 in Superior Court, NASH County. Heard in the Court of Appeals 23 October 1985.

Plaintiff wife and defendant husband have been married since 1 November 1945 and continue to live together as husband and wife. During their marriage they have acquired and presently own, as tenants by the entirety, two farms in Nash County and a house and lot in Bailey, N. C. On 6 March 1983, plaintiff brought this action seeking a declaratory judgment that she is entitled, by virtue of G.S. 39-13.6, to an equal right with defendant to control, use, possession, rents, income and profits of their entirety property. In a second claim for relief, she sought an accounting from defendant for income received from the property during 1983 and 1984 and damages amounting to one-half of such income.

Defendant answered, denying the applicability of G.S. 39-13.6 to the property owned by the parties on the grounds that it had been acquired by them as entirety property prior to the effective date of the statute. He affirmatively sought a declaratory judgment that G.S. 39-13.6 is not retroactive in effect.

By stipulation, the issues relating to the parties' respective claims for declaratory judgment were severed from plaintiff's claim for damages. The trial court found that each of the parcels

of real property which are the subject of this action was acquired by the parties, as tenants by the entirety, prior to the effective date of G.S. 39-13.6. The court concluded that defendant has a vested property right to the sole control, possession and income from said property and that G.S. 39-13.6, as it purported to have retroactive effect so as to divest him of his right, is unconstitutional. Judgment was entered declaring defendant to be entitled "to the sole and full control, possession, income, and usufruct" of the property. Plaintiff appeals.

*Valentine, Adams, Lamar & Etheridge, by William D. Etheridge, for plaintiff appellant.*

*Vernon F. Daughtridge for defendant appellee.*

MARTIN, Judge.

Two questions are presented by this appeal: whether the "equal right to control" provisions of G.S. 39-13.6(a) apply to tenancies by the entirety created before 1 January 1983 and, if so, whether such retroactive application violates constitutional limitations. For the reasons which follow, we hold that the statute should generally be construed to apply to tenancies by the entirety which pre-existed the effective date of the statute and that such application is not, in and of itself, unconstitutional. We also hold that defendant has failed to demonstrate that application of the "equal right to control" provisions of G.S. 39-13.6(a) to the estates by the entirety which he holds with plaintiff unconstitutionally interferes with his vested property rights.

At the outset, we note that the parties, by their pleadings, sought only a ruling as to whether G.S. 39-13.6 should be construed to apply to estates by the entirety created before 1 January 1983 (hereinafter referred to as "pre-1983 estates by the entirety"). The issue of the constitutionality of retroactive application is necessarily considered in determining the controversy, however, and that issue was raised at trial and tried by the implied consent of the parties. "When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." G.S. 1A-1, Rule 15(b). The constitutional issue, having been raised and passed upon by the superior court, is properly before us. *See Bland v. City of Wilmington*, 278 N.C.

657, 180 S.E. 2d 813 (1971) (constitutional question not raised or considered in the court below will not be decided on appeal).

Prior to 1 January 1983, North Carolina followed the common law with respect to incidents of ownership of property held by a husband and wife as tenants by the entirety. Under the common law, the husband, during marriage, had control and use of the property and was entitled to its possession and the income from it. *Bryant v. Bryant*, 193 N.C. 372, 137 S.E. 188 (1927).

Although neither the husband nor the wife can separately deal with the estate, and the interest of neither can be subjected to rights of creditors so as to affect the survivor's right to the estate, the husband, during coverture, is entitled to the full control, possession, income, and usufruct of the estate. (Citation omitted.)

In the exercise of this control, use and possession, he may, without joinder of the wife, lease the property, mortgage the property, grant rights-of-way, convey by way of estoppel — qualified in all these instances by the fact that the wife is entitled to the whole estate unaffected by his acts if she survive him. (Citation omitted.)

*L & M Gas Co. v. Leggett*, 273 N.C. 547, 551, 161 S.E. 2d 23, 26-27 (1968).

In 1982, the North Carolina General Assembly enacted G.S. 39-13.6 by passage of legislation entitled "AN ACT TO EQUALIZE BETWEEN MARRIED PERSONS THE RIGHT TO INCOME, POSSESSION, AND CONTROL IN PROPERTY OWNED CONCURRENTLY IN TENANCY BY THE ENTIRETY." Session Laws 1981, Ch. 1245 (Reg. Sess. 1982). As originally enacted, the statute became effective 1 January 1983 and provided, in pertinent part:

(a) A husband and wife shall have an equal right to the control, use, possession, rents, income, and profits of real property held by them in tenancy by the entirety. Neither spouse may bargain, sell, lease, mortgage, transfer, convey or in any manner encumber any property so held without the written joinder of the other spouse. . . .

. . . .

(c) This section shall apply to all conveyances on and after January 1, 1983. . . .

*Id.* At its 1983 session, the General Assembly amended G.S. 39-13.6 by deleting the first sentence of subsection (c), which provided that the statute was applicable only to conveyances made on or after 1 January 1983. Session Laws 1983, Ch. 449, sec. 1 (Reg. Sess. 1983). The effective date of the amendment was 1 July 1983. The statute is reflective of changed circumstances in economic relationships and responsibilities among married persons and expresses a public policy of this State that their rights in property should be equalized.

[1]  Before we reach the constitutional question presented by the trial court's judgment, we must first consider whether the General Assembly intended that G.S. 39-13.6 apply to pre-1983 estates by the entirety. As a general rule of statutory construction, a statute will be given retroactive application only when it clearly appears that to do so was the intent of the legislature. *Housing Authority v. Thorpe*, 271 N.C. 468, 157 S.E. 2d 147 (1967), *rev'd on other grounds*, 393 U.S. 268, 21 L.Ed. 2d 474, 89 S.Ct. 518 (1969). The amending legislation was entitled "AN ACT TO AMEND CHAPTER 39 TO FURTHER EQUALIZE BETWEEN MARRIED PERSONS THE RIGHT TO INCOME, POSSESSION AND CONTROL IN PROPERTY OWNED CONCURRENTLY IN TENANCY BY THE ENTIRETY." Session Laws 1983, Ch. 449, *supra.* In addition to deleting the first sentence of subsection (c) of the original statute, which made the statute prospective in its application, the General Assembly also amended the income taxation provision of the statute. The amending legislation provided that it was "effective for taxable years beginning on or after January 1, 1983, except that all income received on or after January 1, 1983, but before July 1, 1983, *from a tenancy by the entirety created before January 1, 1983*, is considered to have been received by the husband." *Id.* at sec. 3 (emphasis added). In our view, the General Assembly has clearly manifested its intention that G.S. 39-13.6, including the "equal right to control" provision of subsection (a), apply to estates by the entirety created before 1 January 1983.

[2]  The second issue, whether the statute may be constitutionally applied to pre-1983 estates by the entirety, involves consideration of two interests protected by Section 1 of the Fourteenth

Amendment to the United States Constitution; the rights to due process and equal protection of the laws. Defendant husband challenges the application of the "equal right to control" provision of the statute on the premise that it diminishes, without due process of law, his common law right to the exclusive possession and income of entirety property. A statute may not be given retroactive effect when such construction would interfere with vested rights acquired by reason of transactions completed prior to its enactment. *Gardner v. Gardner*, 300 N.C. 715, 268 S.E. 2d 468 (1980); *Wilson v. Anderson*, 232 N.C. 212, 59 S.E. 2d 836 (1950). A vested right may not be diminished by act of the legislature in violation of Art. 1, Sec. 19 of the North Carolina Constitution and the Fourteenth Amendment to the Constitution of the United States. *Wachovia Bank and Trust Co. v. Andrews*, 264 N.C. 531, 142 S.E. 2d 182 (1965).

The common law estate by the entirety, and its incidents are discussed at length in *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566 (1924). As to the interest of the wife, the Court, quoting *Corinth v. Emery*, 63 Vt. 505, 22 A. 618 (1891), said "[s]uch an estate is the real estate of a married woman, although her husband is joined with her in the title. It is the real estate of each." *Id.* at 209-10; 124 S.E. at 571. However, as an incident of the estate, the husband was said to be "entitled to the possession, income, increase or usufruct of the property." *Id.* at 206, 124 S.E. at 569, and to be "the absolute owner" of rents and profits. *Id.* at 207, 124 S.E. at 570. This incident of the estate has also been described as a "right," *Johnson v. Leavitt*, 188 N.C. 682, 684, 125 S.E. 490, 491 (1924); an "absolute and exclusive right," *N.C. Board of Architecture v. Lee*, 264 N.C. 602, 610, 142 S.E. 2d 643 (1965); and a "vested property right," *Homanich v. Miller*, 28 N.C. App. 451, 453, 221 S.E. 2d 739, 740 (1976). *See* 2 Lee, North Carolina Family Law, 4th Ed., § 115 (1980); Webster, Real Estate Law in North Carolina, Hetrick Rev., § 125, p. 130 (1981).

In 1971, the United States Supreme Court, in *Reed v. Reed*, 404 U.S. 71, 30 L.Ed. 2d 225, 92 S.Ct. 251 (1971), held that the equal protection clause of the Fourteenth Amendment to the United States Constitution forbids state legislation providing for disparate treatment based solely on gender unless the gender based distinction is substantially related to the achievement of valid state objectives. *See Craig v. Boren*, 429 U.S. 190, 50 L.Ed.

2d 397, 97 S.Ct. 451 (1976). Previously, in *Shelley v. Kraemer*, 334 U.S. 1, 92 L.Ed. 1161, 68 S.Ct. 836 (1947), the Court had recognized that state enforcement of substantive common law rules which are impermissibly discriminatory was inconsistent with the equal protection clause of the Fourteenth Amendment.

That the common law incident of tenancy by the entirety, granting to the husband the exclusive right to possession, control, and income of entirety property, is gender-biased in favor of males is beyond dispute. The question is whether that common law aspect of tenancy by the entirety created a constitutionally impermissible classification. We discern no valid state objective to be served by prohibiting a married woman from participating in the management of real property in which she has an interest, or in sharing in the income derived therefrom. Indeed, the rationale for the common law rule has been stated:

> [W]hatever paramount rights the husband had at common law, and now has, in and to the rents and profits and over the lands held by him and his wife as tenants by the entirety, did not, and do not, spring from the peculiar nature of the estate, and are not incidents thereto, but they are rights enuring to the husband from the general principle of the common law which vests in the husband, jure uxoris, the right to the use and control of his wife's lands during coverture and to take the rents and profits arising therefrom.

*Johnson v. Leavitt, supra,* at 684, 125 S.E. at 491.

In *Homanich v. Miller, supra,* another panel of this Court found no discriminatory state action with respect to the common law incidents of tenancy by the entirety because the estate by the entirety is purely a voluntary and optional method by which married persons may take title to real property. A similar result was reached in *D'Ercole v. D'Ercole*, 407 F. Supp. 1377 (D. Mass. 1976) (Massachusetts does not compel husbands and wives to hold property as tenants by entirety, wife did not demonstrate that choice of tenancy by entirety was made through coercion, ignorance or misrepresentation). It is true that married persons in this State, desirous of owning property together, had, prior to 1 January 1983, and now have, the option to take title to the property as tenants in common, as well as tenants by the entirety. However, we do not agree that the existence of an alternative manner of

taking title justified the discriminatory aspects of the common
law right of the husband to the income and control of tenancy by
the entirety property. In *Kirchberg v. Feenstra*, 450 U.S. 455, 67
L.Ed. 2d 428, 101 S.Ct. 1195 (1981), the Supreme Court was con-
fronted with the issue of whether or not Louisiana's community
property law, giving a husband the right to dispose of jointly
owned property without the consent of the wife, was constitu-
tional. Notwithstanding the existence of a statutory provision by
which the wife could prohibit such a transfer, the Court held the
law to be violative of the equal protection clause of the Four-
teenth Amendment. "The 'absence of an insurmountable barrier'
will not redeem an otherwise unconstitutionally discriminatory
law." *Id.* at 461, 67 L.Ed. 2d at 434, 101 S.Ct. at 1199.

The claim of a vested property right may not rest upon State
enforcement of common law which is unconstitutionally discrimi-
natory.

> The Constitution confers upon no individual the right to
> demand action by the State which results in the denial of
> equal protection to other individuals. And it would appear
> beyond question that the power of the State to create and en-
> force property interests must be exercised within the bound-
> aries defined by the Fourteenth Amendment.

*Shelley v. Kraemer, supra* at 22, 92 L.Ed. at 1185, 68 S.Ct. at 846.
To the extent that defendant husband's claims to the exclusive
right to control and income of the pre-1983 estates by the entirety
involved in this case are based *solely* upon the common law inci-
dent of the tenancy previously discussed, they must fail, as the
right recognized by the common law cannot be said to be a "vest-
ed property right." We hold, therefore, that the application of the
"equal control" provision contained in G.S. 39-13.6(a) to Mr. and
Mrs. Perry's pre-1983 estates by the entirety does not, in and of
itself, amount to a taking of Mr. Perry's vested property right
without due process of law. "[T]he Constitution does not forbid
the creation of new rights, or the abolition of old ones recognized
by the common law, to attain a permissible legislative object."
*Silver v. Silver*, 280 U.S. 117, 122, 74 L.Ed. 221, 225, 50 S.Ct. 57,
58 (1929). Application of the statute to pre-1983 estates by the en-
tirety serves a legitimate and permissible legislative purpose, i.e.,
the equalization, between married persons, of rights with respect

to management and control of jointly owned property. "[T]he great office of statutes is to remedy defects in the common law as they are developed, and to adapt it to the changes of time and circumstances." *Munn v. Illinois*, 94 U.S. 113, 134, 24 L.Ed. 77, 87 (1877).

A law is presumed constitutional until the contrary is shown and the burden is on the party claiming that the law is unconstitutional to show why it is unconstitutional as applied to him. *Hursey v. Town of Gibsonville*, 284 N.C. 522, 202 S.E. 2d 161 (1974). We recognize that there may be circumstances under which a husband's rights to income and control of pre-1983 tenancy by the entirety property, to the exclusion of his wife, may be classified as "vested rights" for reasons other than the common law incident of that estate. In such cases, the burden will be upon the husband to demonstrate facts showing why his rights are "vested rights" so that application of the "equal control" provisions of G.S. 39-13.6(a) to the estate would violate due process. Defendant husband in this case has failed to do so. The stipulated facts show only that Mr. and Mrs. Perry acquired property, as tenants by the entirety, in 1965, 1968 and 1978. There is no evidence as to which of them furnished the consideration or as to the reason, if any, for which they elected to take title as tenants by the entirety. Simply stated, the evidence does not show that the application of G.S. 39-13.6(a) to the estates held by these parties is unconstitutional.

Plaintiff seeks as relief a judgment declaring that she is entitled to an equal share of the income produced, after the effective date of G.S. 39-13.6, by the entirety property which she owned with her husband on that date and, prospectively to an equal right to use and control that property. We hold that, effective 1 July 1983, the provisions of the statute, as amended, entitle her to the relief which she seeks. We specifically limit our holding to rights of income and control created by the enactment and amendment of G.S. 39-13.6.

For the reasons stated herein, we reverse the judgment of the trial court and remand this case for entry of judgment consistent with this opinion and a determination of plaintiff's second claim for relief.

Reversed and remanded.

Judges ARNOLD and WELLS concur.