EVANGELINE G. BEAM v. PAUL H. BEAM AND BEAM ELECTRIC COMPANY

No. 8826SC238

(Filed 30 December 1988)

**Divorce and Alimony § 30— property distributed through equitable distribution— right to accounting of rental income prior to distribution**

   Plaintiff had an absolute right to an accounting of the rental income from two pieces of commercial property prior to the time these properties were distributed through equitable distribution where she and defendant held the property as tenants by the entirety until the time of their divorce and as tenants in common subsequent to the divorce and prior to the distribution.

   Judge GREENE dissenting.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 7 December 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 September 1988.

Plaintiff Evangeline G. Beam instituted this action for an accounting of rents and benefits received by the defendant Paul H. Beam on property owned by the plaintiff and defendant as tenants by the entirety (and subsequently tenants in common) prior to the distribution of property in accordance with their equitable distribution order entered on 21 January 1986.

Defendant filed a motion for summary judgment under G.S. 1A-1, Rule 56 on 7 October 1987. The trial court granted the defendant's motion for summary judgment and plaintiff appeals.

*Justice & Eve, P.A., by R. Michael Eve, Jr. and Stuart F. Clayton, attorneys for plaintiff-appellant.*

*Tucker, Hicks, Hodge and Cranford, P.A., by Warren C. Stack, Fred A. Hicks and Edward P. Hausle, attorneys for defendant-appellees.*

ORR, Judge.

This case arises out of an issue left open in the equitable distribution order pertaining to the plaintiff and defendant on 21 January 1986. In that order, Judge Robert P. Johnson ruled the NCNB checking account number 001549526 known as the Sherri-Scott, Inc. Account was Mr. Beam's separate property and not subject to equitable distribution. Judge Johnson further stated he did "not wish and does not prejudice any right either party may have to an accounting should an accounting be sought."

The equitable distribution order was appealed to this Court in *Beam v. Beam*, No. 8626DC683 (filed 7 April 1987). One assignment of error questioned the trial court's finding that the Sherri-. Scott checking account was separate property. This Court affirmed the trial court's ruling that the account in question was Mr. Beam's separate property because of Mrs. Beam's failure to offer evidence to determine when the account was established.

In the case *sub judice*, defendant contends that plaintiff's current claims are identical to her claim at the time of equitable distribution that the Sherri-Scott, Inc. Account was marital property. Defendant argues, therefore, that the trial court's summary judgment order was properly granted.

We do not agree with defendant's contention. In the present action, plaintiff requests an accounting of the rental income from two pieces of commercial property prior to the time these properties were distributed through equitable distribution. The Winona Street property was awarded to plaintiff, Mrs. Beam, and the Winnifred Street property was awarded to defendant, Mr. Beam. Plaintiff seeks an accounting of the Winnifred Street property rents and benefits as well as the Winona Street property rents and benefits so she may receive her fair share of these monies.

Plaintiff claims she is entitled to income from the rental properties during three separate time periods. The first period is the. date of acquisition of the property until the date of separation. The record indicates the date of acquisition of the Winnifred Street property was 27 September 1965. There is no indication in the record of the date of acquisition of the Winona Street property. The plaintiff and defendant held the Winnifred Street property as tenants by the entirety at this stage.

Plaintiff and defendant continued to hold their property as tenants by the entirety during the second time period: the date of separation, 31 March 1978, until the date of divorce, 25 January 1984. The passage of G.S. 39-13.6 entitled a wife to an equal share of income produced by entireties property from 1 July 1983 onward. *See Perry v. Perry*, 80 N.C. App. 169, 341 S.E. 2d 53 (1986), *appeal dismissed*, 320 N.C. 170, 357 S.E. 2d 925 (1987). Plaintiff, therefore, claims she is entitled to her share of rental income from the Winnifred Street property from 1 July 1983 until the date of the divorce.

Finally, the third time period spans from the date of the divorce until the distribution of property pursuant to the equitable distribution judgment. Once the parties were divorced, they no longer held the property as tenants by the entirety but as tenants in common. *Smith v. Smith*, 249 N.C. 669, 674-75, 107 S.E. 2d 530, 534 (1959). Plaintiff also seeks an accounting for this period.

A tenant in common has a right to demand an accounting from a cotenant. *Jolly v. Bryan*, 86 N.C. 457, 460-61 (1882). Plaintiff's action for an accounting is still ripe because the statute of limitations does not begin running until her demand for an accounting is refused. *Id.*

In the case *sub judice*, plaintiff has an absolute right to an accounting and the earlier decision of this Court does not preclude it. *Id.* The trial court, therefore, erred in granting summary judgment to the defendant and denying the plaintiff her absolute right.

Reversed and remanded.

Judge SMITH concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I dissent from the majority's holding that plaintiff was entitled to bring an action for accounting after the trial court entered its judgment equitably distributing the parties' property under Section 50-20. The majority contends plaintiff retained her right

to demand an accounting from defendant pursuant to her common law status as a tenant by the entirety or tenant in common. While our Equitable Distribution Act did not itself disturb these common law forms of ownership, our Supreme Court has clearly held that the court's equitable distribution of the parties' property under the Act terminates the parties' previous *common law* right to *divide* their property based on those common law forms of ownership:

> The [A]ct was not intended to disturb these traditional forms of property ownership, the rights flowing from that ownership, or the rights a spouse may otherwise have in the property of the other. Equitable distribution is merely an alternative means of property division; alternative to already existing rights granted by statute or recognized at common law or acquired under a separation agreement. Thus, *in the absence of an equitable distribution of . . . property under N.C.G.S. Sec. 50-20*, an ex-spouse (now tenant in common) retains the right to possession and the right to alienate and may bring an action for waste, ejectment, *accounting*, or partition.

*Hagler v. Hagler*, 319 N.C. 287, 292, 354 S.E. 2d 228, 233 (1987) (emphasis added).

Under *Hagler*, the court's final division of the parties' property under Section 50-20 (rather than under alternative common law principles) extinguished plaintiff's former common law right to the alternative accounting and division of property requested in her complaint.

Accordingly, I would affirm the court's entry of summary judgment against plaintiff's independent action for accounting.