WILLIAM CARTER, JR., v. CONTINENTAL INSURANCE COMPANY OF NEW YORK, A CORPORATION (ORIGINAL PARTY DEFENDANT), AND DICEY S. CARTER (ADDITIONAL PARTY DEFENDANT).

(Filed 21 September, 1955.)

**Insurance § 24d: Husband and Wife §§ 15a, 15c—**

A fire insurance policy was issued in the name of the husband alone on property held by entirety, but in the sole possession of the husband. Upon the destruction of the property by fire, insurer paid the amount of the policy into court. *Held:* The husband had an insurable interest in the property, constituting an inseparable part of the single-entity title held in unity by him and his wife, and thus covering the entire estate as owned by both. Therefore, upon the estate by entirety being later severed by absolute divorce, each is entitled to one-half the proceeds of the insurance moneys.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant Dicey S. Carter from *Fountain, Special Judge,* at April Term, 1955, of MARTIN.

Civil action to recover on a policy of fire insurance covering a dwelling house which was destroyed by fire.

The house was owned by William Carter, Jr., and wife, Dicey S. Carter, as an estate by the entirety. However, they were living separate and apart at the time the policy was written and also when the fire occurred. William Carter, Jr., was in possession of the property at both times. He applied for the policy. It was issued in his name only, and he paid the premium. The amount of the policy was $4,000. The value of the house is not disclosed. The record shows only that the fire caused a loss in "excess of $4,000." The plaintiff, William Carter, Jr., made demand on the Insurance Company for the full amount of the policy. Dicey S. Carter made demand for half of the insurance moneys. Both

demands were refused. This action was then instituted by William Carter, Jr., against the Insurance Company. Thereafter, by consent of all parties concerned, the Insurance Company was permitted to pay into court the sum of $4,000 in full discharge of its liability, and Dicey S. Carter was substituted as defendant and was allowed to set up her claim for half of the moneys.

By decree of absolute divorce, signed after the fire but before the commencement of the instant action, Dicey S. Carter was granted an absolute divorce from William Carter, Jr.

Upon an agreed statement of facts substantially as herein set out, the court below rendered judgment decreeing that the plaintiff is entitled to the entire proceeds of $4,000. From the judgment so entered the defendant, Dicey S. Carter, appeals.

*R. L. Coburn and John R. Jenkins, Jr., for plaintiff, appellee.*
*LeRoy Scott for defendant, appellant.*

JOHNSON, J. This appeal presents the question whether a husband's interest in an estate by the entirety is insurable for his benefit alone, as a separate moiety apart from the entire estate owned by him and his wife. The court below held that the husband's interest is so insurable. The appeal challenges the correctness of this ruling.

The question presented is one of first impression with us. Counsel have cited no case from any other jurisdiction involving the same factual situation, and our research has disclosed none. Nevertheless, decision takes shape and mold from application of the fundamental principles governing this peculiar estate of husband and wife. These principles are concisely stated by the late *Chief Justice Stacy* in the notable opinion in *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566. The following excerpts from that opinion suffice to shape decision here:

1. "This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person."

2. "These two individuals, by virtue of their marital relationship, acquire the entire estate, and each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof. They are seized of the whole, because at common law they were considered but one person; and the estate thus created has never been destroyed or changed by statute in North Carolina."

3. "As between them (husband and wife) there is but one owner, and that is neither the one nor the other, but both together, in their peculiar relationship to each other, constituting the proprietorship of the whole, and of every part and parcel thereof."

4. "The estate rests upon the doctrine of the unity of person, and, upon the death of one, the whole belongs to the other, not solely by right of survivorship, *but also by virtue of the grant which vested the entire estate in each grantee.*"   (Italics added.)

5. "There can be no partition during the coverture, for this would imply a separated interest in each; . . ."

6. " 'He (the husband) is entitled to the use and possession of the property during the joint lives of himself and wife.' "

7. "An absolute divorce destroys the unity of husband and wife, and therefore converts an estate by the entirety into a tenancy in common. . . ."

By the terms of Chapter 378, Session Laws of 1945, now codified as G.S. 58-180.1, it is provided that where fire insurance is issued to the husband or to the wife on a building owned by them by the entirety, either party in interest named as insured or as beneficiary is sufficient to effect coverage of the entire property, and in the absence of fraud the policy shall not be void for failure to disclose the interest of the other tenant.

Here the insurance policy appears to be a standard form policy. It designates the husband as the insured and as the beneficiary. Nowhere in the policy is there any special provision purporting to limit coverage to the interest of the husband, to the exclusion of the wife. The Insurance Company has raised no question about the nondisclosure of the wife's interest in the property. It concedes liability under the policy as written and has paid into court the full amount thereof.

It may be conceded that the plaintiff husband had an insurable interest in the property of which he and his wife were seized as tenants by the entirety. However, since the proprietary interest of the husband was an inseparable part of the single-entity title held in unity by him and his wife, his insurable interest ran to the whole of the property and covered the entire estate. See 29 Am. Jur., Insurance, Sec. 332, and cases cited under footnote 13; Annotation: 27 A.L.R. 2d 1059, 1061. We conclude that the insurance policy as written and the loss benefits created thereby inured to the benefit of the entire estate as owned by both husband and wife.

Since the entire estate, as so insured, was severed by absolute divorce after the fire, it necessarily follows that the defendant wife is entitled to receive half the proceeds of the insurance moneys paid into court, and the judgment below excluding her from the benefits must be held for error. It is so ordered. Let the judgment entered below be modified accordingly. The costs will be taxed against the plaintiff.

Modified and affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.