LEWIS E. LAMB, JR. v. THEDA A. LAMB

No. 8821SC485

(Filed 7 February 1989)

1. Appeal and Error § 6.2— fewer than all issues decided—substantial right affected—immediate appeal allowed

The trial court's order dismissing defendant's counterclaims for the imposition of a constructive trust on certain monies in plaintiff's checking account affected a substantial right which would be prejudiced if immediate appeal was not granted, since the order did not adjudicate the issues raised in plaintiff's complaint; plaintiff's complaint for malicious prosecution and defendant's counterclaims requesting a constructive trust required resolution of the factual issue as to whether plaintiff did forge defendant's name on a check; and the possibility existed that a denial of this appeal could result in two juries in separate trials reaching different resolutions of the same issue.

2. **Divorce and Alimony § 30; Election of Remedies § 4; Trusts § 15— request for equitable distribution—no election of remedies—no bar to action for constructive trust**

> Defendant, in requesting equitable distribution, did not make an election of remedies which barred her action for a constructive trust since there was no determination of whether the properties in question were marital or separate, whether the funds had been exchanged for some other property, whether the funds had been dissipated or wasted, and, if so, when; the trial court was therefore unable to determine from the record whether the equitable distribution action would allow redress of the injury complained of in the constructive trust proceeding; and the equitable distribution action itself had not yet been prosecuted to a final judgment.

APPEAL by defendant from *Seay (Thomas W., Jr.), Judge.* Judgment entered 12 January 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 3 November 1988.

*D. Blake Yokley for plaintiff-appellee.*

*Davis & Harwell, P.A., by Joslin Davis, for defendant-appellant.*

GREENE, Judge.

In this civil action plaintiff, Lewis E. Lamb, Jr., filed an action for malicious prosecution in response to the issuance and subsequent dismissal of a criminal warrant caused to be issued by this defendant against this plaintiff. In response to the plaintiff's action for malicious prosecution, the defendant filed counterclaims requesting the imposition of a constructive trust on certain monies received by the plaintiff and deposited in his own personal checking account and allegedly being the monies of the defendant. In response to a motion by the plaintiff, the trial court entered summary judgment for the plaintiff and dismissed the defendant's counterclaims. The defendant appeals.

The evidence before the trial court tended to show that during the marriage of the plaintiff and defendant, the parties purchased certain real property which was titled as tenants by the entireties. On 17 July 1979 the property was sold to a third party and the sale proceeds were payable in four installments with interest. The defendant contends she agreed to join in the sale and execute the deed only on the condition that plaintiff agree to disburse to her one-half of the proceeds upon receipt. The pay-

ments were to be made payable to both plaintiff and defendant. The first three installments of $11,865.64, $12,485.35 and $11,523.31 were all received by the plaintiff prior to February 1981 and were deposited in his personal checking account without the knowledge of the defendant and allegedly without her consent. The fourth payment of $10,603.39 was paid by the buyers to their attorney in February of 1982 and is presently being held in escrow by that attorney pending receipt of the note marked paid and satisfied in full.

Further, the plaintiff and defendant, as husband and wife, filed joint tax returns for 1978, 1980, 1981 and 1982. Refund checks were issued by the Internal Revenue Service made payable to both plaintiff and defendant and the checks were mailed to the plaintiff. The plaintiff deposited these refund checks totaling $10,613.23 in his personal account, after signing his wife's name on the back of the checks. The refund check for the year 1982 was deposited in plaintiff's account in September 1983.

On 30 June 1983 the plaintiff filed a complaint requesting a divorce from bed and board. The parties separated in July 1983. On 14 October 1983 the defendant in response to the action for divorce from bed and board filed a counterclaim for alimony. On 17 September 1984 defendant filed an action for equitable distribution, which action is pending in the district court.

On 17 January 1984 defendant caused to be issued a warrant against plaintiff for forging her name to one of the checks received by the plaintiff for the sale of the property. A district court judge found no probable cause and the warrant was dismissed.

The issues presented are: I) whether the dismissal of the counterclaim is appealable; and II) whether the defendant by the filing of an equitable distribution action is precluded from seeking a constructive trust.

I

[1] The trial court's summary judgment did not adjudicate the issues raised in the plaintiff's complaint. Therefore, as all the issues have not been adjudicated, the judgment is interlocutory and is generally not appealable. *J. & B. Slurry Seal Co. v. Mid-*

*South Aviation, Inc.*, 88 N.C. App. 1, 4, 362 S.E. 2d 812, 814 (1987). However, if the order, here the summary judgment, affects a substantial right which will "be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order," the order is appealable. *Id.* at 6, 362 S.E. 2d at 815; *see* N.C.G.S. Sec. 7A-27(d)(1) (1986) and N.C.G.S. Sec. 1-277(a) (1983) (an appeal of right lies from an interlocutory order that "(1) [A]ffects a substantial right, or (2) In effect determines the action and prevents the judgment from which appeal might be taken, or (3) Discontinues the action, or (4) Grants or refuses a new trial."). " '[T]he right to avoid the possibility of two trials *on the same issues* can be . . . a substantial right.' " *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E. 2d 593, 596 (1982) (quoting *Survey of Development in N.C. Law, 1978*, 57 N.C.L. Rev. 827, 908 (1979) (emphasis in original) ).

The same factual issues are to some extent involved in the complaint for malicious prosecution and in the counterclaims requesting a constructive trust. *Id.* (parties can be prejudiced by different juries "rendering inconsistent verdicts on the same factual issue"). In the malicious prosecution action the plaintiff alleged the defendant knew there was no basis for the issuance of the criminal warrant which stated that plaintiff had forged defendant's endorsement on a check received by the plaintiff on 31 January 1981. The defendant denied that allegation. In the counterclaim for constructive trust, the defendant alleged the plaintiff forged defendant's name on certain checks, including the check which is the basis of the criminal warrant. The plaintiff in his reply to the counterclaim denied forging the defendant's name.

As the factual issue of whether the plaintiff did forge defendant's name on the check received by the plaintiff on 31 January 1981 is central to both the complaint and one of the counterclaims, there exists the possibility that a denial of this appeal could result in two juries in separate trials reaching different resolutions of this same issue. If this appeal is denied, there would be a trial on the complaint and a jury could determine plaintiff did not forge defendant's signature on the check at issue. After that trial, the dismissal of the counterclaims now at issue would be a final judgment and appealable. If on a subsequent appeal of the counterclaims, the appellate court determines the dismissal of the counterclaims was in error, the matter would be

remanded for a trial on the counterclaims. There a different jury could possibly determine in that action that the plaintiff did forge the defendant's signature, thereby resulting in conflicting resolution of the issue. Accordingly, we determine the trial court's order dismissing the defendant's counterclaims does affect a substantial right which would be prejudiced if immediate appeal is not granted.

## II

[2] The defendant assigns as error the entry of the summary judgment dismissing the counterclaims. We first note the defendant in the record states no grounds or basis upon which the error is assigned. App. R. 10(c) (assignment of error shall state "plainly and concisely and without argumentation the basis upon which error is assigned"). However, our Supreme Court has held Rule 10(a) of the North Carolina Rules of Appellate Procedure does not require a party against whom summary judgment is entered to note any assignment of error in the record. *Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E. 2d 479, 481 (1987). The appeal itself presents the question of whether the judgment is supported by the conclusions of law. *Id.* at 416, 355 S.E. 2d at 481-82. Here the trial court concluded "there is no genuine issue as to any material fact raised in the Counterclaims, and that the plaintiff is entitled to a judgment as a matter of law." A summary judgment is appropriately entered where there is "no genuine issue as to any material fact and one party is entitled to judgment as a matter of law." *Frye v. Arrington*, 58 N.C. App. 180, 182, 292 S.E. 2d 772, 773 (1982).

The plaintiff, while conceding there is a dispute in the facts, contends that defendant is nonetheless barred as a matter of law from prosecuting this action for a constructive trust. *See Virginia Elec. and Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E. 2d 188, 190-91, *cert. denied*, 317 N.C. 715, 347 S.E. 2d 457 (1986) (summary judgment appropriate where movant "conclusively establishes a complete defense or legal bar to the non-movant's claim"). More specifically, the plaintiff asserts, consistent with his pleadings, that when in September 1984 the defendant filed a separate action for equitable distribution, she made an irrevocable election and cannot now proceed in this action for a constructive trust because the two remedies are inconsistent.

One is held to have made an election of remedies when he chooses with knowledge of the facts between two inconsistent remedial rights. *Redmond v. Lilly*, 273 N.C. 446, 450, 160 S.E. 2d 287, 290 (1968). This principle does not apply to "co-existing and consistent remedies." *Richardson v. Richardson*, 261 N.C. 521, 530, 135 S.E. 2d 532, 539 (1964). Generally, the purpose of the doctrine of election of remedies is to "prevent double redress for a single wrong." *Smith v. Gulf Oil Corp.*, 239 N.C. 360, 368, 79 S.E. 2d 880, 885 (1954). Furthermore, an election is not generally deemed to have occurred unless there has been an entry of some final judgment. *See Wall Plumbing Co. v. Harris*, 266 N.C. 675, 685, 147 S.E. 2d 202, 209 (1966) (prosecution of remedial right to a judgment or decree constitutes a conclusive election barring subsequent prosecution of inconsistent remedial right); *Warren v. Susman*, 168 N.C. 538, 545, 84 S.E. 760, 763 (1915) (mere *filing* of a suit on one theory is not a conclusive election); N.C.G.S. Sec. 1A-1, Rule 8(e)(2) (1983) (party may plead separate inconsistent claims and defenses); *Alpar v. Weyerhaeuser Co.*, 20 N.C. App. 340, 344, 201 S.E. 2d 503, 506, *cert. denied*, 285 N.C. 85, 203 S.E. 2d 57 (1974) (party pleading inconsistent claims is not required to make an election prior to trial); *Allstate Ins. Co. v. James*, 779 F. 2d 1536, 1541 (11th Cir. 1986) (party may plead inconsistent facts and remedies without being barred by the election of remedies doctrine); *but see Redmond*, 273 N.C. at 450, 160 S.E. 2d at 290 (the institution of an action by a seller against the buyer for the collection of the purchase price is an election); *Economy Pumps, Inc. v. F. W. Woolworth Co.*, 220 N.C. 499, 502, 17 S.E. 2d 639, 641 (1941) (the filing of a notice of lien against subcontractor stops claimant from thereafter asserting inconsistent claims against contractor).

We now determine if the defendant in requesting equitable distribution has made an election of remedies which bars this action for constructive trust. Equitable distribution under N.C.G.S. Sec. 50-20 is an alternative means of property division and an *actual distribution* of marital properties pursuant to the equitable distribution statute precludes the parties from seeking other property division "rights granted by statute or recognized at common law or acquired under a separation agreement." *Hagler v. Hagler*, 319 N.C. 287, 292, 354 S.E. 2d 228, 233 (1987). A constructive trust is a common law property right arising in equity to prevent a person from holding property under circumstances

---

---

"making it inequitable for him to retain it." *Wilson v. Crab Orchard Development Co.*, 276 N.C. 198, 211, 171 S.E. 2d 873, 882 (1970). Therefore, under *Hagler* and the doctrine of election of remedies, defendant's action for the constructive trust is barred only if a distribution has been made in the equitable distribution action *and* the constructive trust remedy is inconsistent with the equitable distribution remedy. *See Hagler*, 319 N.C. at 292, 354 S.E. 2d at 233 (in absence of an equitable distribution ex-spouse may bring action for waste, ejectment, accounting, or partition); *but see Beam v. Beam*, 92 N.C. App. 509, 374 S.E. 2d 636 (1988) (ex-wife entitled to bring accounting action *after* final judgment in equitable distribution action even though property the subject of the accounting action was designated the separate property of husband in equitable distribution action).

In determining if the equitable distribution proceeding is inconsistent with the constructive trust action, the question is whether the equitable distribution statute redresses the injury complained of in the constructive trust action. The defendant claims in this constructive trust action that the plaintiff has taken monies being the property of the defendant and converted those funds to his own use. Therefore, if this alleged conversion of funds by the husband can be redressed in the equitable distribution action, the remedies are inconsistent. Generally, if the property which is the subject of the constructive trust action were classified as marital property, as defined by N.C.G.S. Sec. 50-20(b)(1) (1987), the trial court would be required to distribute the property, N.C.G.S. Sec. 50-20(a) (1987), or its substitute, *Wade v. Wade*, 72 N.C. App. 372, 382, 325 S.E. 2d 260, 269, *disc. rev. denied*, 313 N.C. 612, 330 S.E. 2d 616 (1985) (source of funds theory), in the equitable distribution action. If the property which is the subject of the constructive trust action were classified as marital property and had been dissipated after the date of separation and prior to the distributive award, the trial court would be required to consider that dissipation as a factor in distributing the other marital property, N.C.G.S. Sec. 50-20(c)(11a) (1987) (wasting of marital property during separation and before distribution shall be considered in making equitable distribution of remaining marital property). Therefore, if the property the subject of the constructive trust action is classified as marital, these procedures under the equitable distribution statute provide the de-

fendant with a redress. However, the equitable distribution statute does not allow redress of all matters that may be the subject of a constructive trust action. For example, the equitable distribution statute provides no remedy to the defendant for the wrongful conversion of her separate property. N.C.G.S. Sec. 50-20(a) (1987) (statute provides for equitable distribution of marital property only).

In this record, there has been no determination of whether the properties in question are marital or separate, whether the funds have been exchanged for some other property, or whether the funds have been dissipated or wasted and, if so, when. Accordingly, we are unable to determine from the record whether the equitable distribution action would allow redress of the injury complained of in the constructive trust proceeding. Nonetheless, as the equitable distribution action has not yet been prosecuted to a final judgment, the trial court erred in entering summary judgment for the plaintiff and dismissing the defendant's counterclaims for a constructive trust.

Vacated and remanded.

Judges BECTON and EAGLES concur.