EDNA D. WORRELLS, PLAINTIFF v. NORTH CAROLINA FARM BUREAU
MUTUAL INSURANCE COMPANY, DEFENDANT

No. 904SC165

(Filed 21 May 1991)

**Insurance § 134 (NCI3d) — insurance policy on entireties property —
husband as owner of policy — husband and wife separated —
wife entitled to proceeds**

    Plaintiff wife was an insured under defendant's fire in-
surance policy and thus was entitled to one-half of the actual
cash value of the repairs to the subject property where the
property was owned by plaintiff and her husband as tenants
by the entirety; the husband entered into the insurance con-
tract at a time when he was separated from plaintiff and
when he was living on and maintaining the property; the policy
listed the husband as the named insured and included his
spouse "if a resident of the same household"; and the exclu-
sionary clause was ineffective to exclude plaintiff as a named
insured because both husband and wife owned the entire estate
which could not be severed by the act of either individual.

**Am Jur 2d, Insurance § 1743.**

    APPEAL by defendant from judgment entered 11 December
1989 by *Judge David E. Reid, Jr.* in DUPLIN County Superior
Court. Heard in the Court of Appeals 21 February 1991.

    *S. Reginald Kenan for plaintiff-appellee.*

    *Anderson, Cox, Collier & Ennis, by Donald W. Ennis and
William T. Corbett, Jr., for defendant-appellant.*

JOHNSON, Judge.

    This case arises from a dispute involving the payment of fire
insurance proceeds. The following facts are undisputed. On or about
28 December 1984, Willie Lee Worrells and defendant North Carolina
Farm Bureau Mutual Insurance Company (Farm Bureau) entered
into an insurance contract which provided fire insurance for a house
situated on land owned by Willie Lee and Edna Worrells, as tenants
by the entirety. At that time Mr. Worrells was married to, but
separated from, Edna Worrells and he lived on and maintained

WORRELLS v. N.C. FARM BUREAU MUT. INS. CO.

[103 N.C. App. 69 (1991)]

the property. The policy at issue listed Mr. Worrells as the named insured on the declarations page and included the following exclusionary clause: "[t]hroughout this policy 'you' and 'your' refer to the 'named insured' shown in the Declarations and the spouse *if a resident of the same household*[.]" (Emphasis added.) On 28 November 1985, the house was destroyed by fire. On 19 December 1985, Mr. Worrells submitted a sworn proof of loss as required by the policy to recover the full amount of damage to the house and further complied with all other policy requirements in connection with his claim. On 7 January 1986, plaintiff and Mr. Worrells were granted an absolute divorce.

On 26 April 1986 and 8 January 1987, defendant Farm Bureau presented Mr. Worrells with two separate checks totaling about $28,000 as complete payment for both real property and personal property losses. This money was paid to Mr. Worrells over the objections of plaintiff and her attorney. On 25 June 1987, plaintiff brought suit against Farm Bureau to recover one-half of the proceeds as a tenant in common. She alleged breach of contract, conversion, unfair trade practices and bad faith refusal to settle. Plaintiff moved for summary judgment. By order dated 31 October 1989, the court granted, *inter alia*, plaintiff's motion for summary judgment on the issue of whether Edna Worrells was a named insured on the insurance policy and by judgment dated 11 December 1989 ordered that plaintiff recover one-half of the actual cash value of the repairs to the house. From this judgment, defendant appeals.

Initially, we note that neither side argues the effect, if any, of an equitable distribution judgment which appears to have been made prior to the payments to Mr. Worrells and in which plaintiff was granted one-half the value of the house. *See Lamb v. Lamb*, 92 N.C. App. 680, 375 S.E.2d 685 (1989). The only evidence in the record of this equitable distribution judgment appears in the transcript of the summary judgment hearing and the mere mention of it in the affidavit of Edna Worrells. This issue is not properly before us and we did not address it.

Defendant's sole contention on appeal is that the trial court erred as a matter of law in ruling that plaintiff was an insured under the homeowner's policy. Farm Bureau argues that the insurance policy at issue is a personal contract between the named insured and the insurer and that the exclusionary clause is valid as to the plaintiff-spouse. Defendant points to the exclusionary

## WORRELLS v. N.C. FARM BUREAU MUT. INS. CO.

[103 N.C. App. 69 (1991)]

clause as distinguishing the instant case from the leading case of *Carter v. Insurance Co.*, 242 N.C. 578, 89 S.E.2d 122 (1955). In *Carter*, our Supreme Court considered, in a case of first impression, whether a wife, living separate and apart from her husband, could collect on an insurance policy taken out by him alone on entireties property. In that case, the husband and wife owned a house as tenants by the entirety. They separated, and at all relevant times afterward the husband lived in and had possession of the insured house while the wife lived elsewhere. After the separation, the husband took out a fire insurance policy on the house. The policy was issued in his name alone and he paid the premiums. At some point, fire caused a loss in excess of the policy amount. Husband demanded payment in the full amount of the policy. Wife demanded that she be paid one-half of the insurance proceeds. After the fire, but before payment was made, the parties were granted an absolute divorce. The trial judge granted the full amount to the husband and the wife appealed. The Supreme Court stated the issue to be "whether a husband's interest in an estate by the entirety is insurable for his benefit alone, as a separate moiety apart from the entire estate owned by him and his wife." *Id.* at 579, 89 S.E.2d at 123. The Court held that it was not and that the loss benefits created by the insurance policy inured to the benefit of the entire estate as owned by both husband and wife. In its discussion, the *Carter* Court noted that the policy at issue was a "standard form policy" which contained no special provision excluding the wife from coverage. *Id.* at 580, 89 S.E.2d at 124. In its analysis the Court relied on the "fundamental principles governing this peculiar estate of the husband and wife." *Id.* at 579, 89 S.E.2d at 123. Thus the Court looked not to contract law but to the characteristics of the entireties estate for the solution. *Cf. McDivitt v. Pymatuning Mut. Fire Ins. Co.*, 303 Pa. Super. 130, 449 A.2d 612 (1982) (criticizing *Carter* for "missing the mark" by relying on the special nature of the entirety relationship; emphasized instead the personal nature of the insurance contract).

In *Lovell v. Insurance Co.*, 302 N.C. 150, 274 S.E.2d 170 (1981), also a case of first impression, our Supreme Court adopted the "innocent spouse" doctrine as developed in other jurisdictions. In *Lovell*, the wife owned property with her husband as tenants by the entireties. The property was insured by a policy issued to the husband, the named insured. The husband intentionally burned the entirety property and the insurer refused to pay any

WORRELLS v. N.C. FARM BUREAU MUT. INS. CO.

[103 N.C. App. 69 (1991)]

amount to the wife, claiming that she was barred by the intentional act of her husband. The Court of Appeals agreed, applying the law relating to tenancies by the entirety as well as the provision of the policy which excluded recovery for an intentional burning. The Supreme Court, applying the "more relevant rules of insurance and contract law," reversed and held that the wife was entitled to recover from the insurance company to the extent of one-half the value of the policy. *Lovell*, 302 N.C. at 152, 274 S.E.2d at 171. The *Lovell* Court adopted the view of the New Jersey court in *Howell v. Ohio Cas. Ins. Co.*, 130 N.J. Super. 350, 327 A.2d 240 (App. Div. 1974), that the contract rights are several, not joint, and able to be possessed separately and individually by each spouse. *Lovell*, 302 N.C. 150, 274 S.E.2d 170. The *Lovell* Court declined to accept their appellee's argument that the wife has no rights under the policy when only the husband is named as insured and beneficiary. The Court noted:

> [f]irst, the case law in North Carolina clearly establishes that the wife is also an insured party, if the property is held by the entirety, even though only the husband's name appears on the policy. *Carter v. Insurance Co.*, 242 N.C. 578, 89 S.E.2d 122 (1955). Second, by enacting G.S. 58-180.1 [now G.S. 58-44-45] the legislature apparently intended to resolve the related question of whether a policy insuring entirety property was void if issued solely in the name of either husband or wife. That statute, coupled with the clear rule of law established by case precedent, was sufficient notice to defendants that by insuring the interest of the husband it also insured the interest of plaintiff wife.

*Lovell*, 302 N.C. at 153, 274 S.E.2d at 172. Thus the *Lovell* Court did not appear to see a conflict between the application of contract and insurance law to the innocent spouse situation and the application of entireties law to the *Carter* situation.

We find that the decision in *Lovell* is a consequence of the particular inequities which would otherwise result were entireties law applied to the innocent spouse situation. No such inequities exist in the case *sub judice* and thus the *Carter* case controls.

The insured property in the instant case was owned by the Worrells as tenants by the entireties. "These two individuals, by virtue of their marital relationship, acquire the entire estate, and each is deemed to be seized of the whole, and not of a moiety

or any undivided portion thereof." *Carter*, 242 N.C. at 579, 89 S.E.2d at 123, *quoting Davis v. Bass*, 188 N.C. 200, 203, 124 S.E. 566, 568 (1924). Once such an estate is established, neither spouse can sever it by his or her sole act. *Davis*, 188 N.C. 200, 124 S.E. 566. The exclusionary clause in the insurance contract was thus ineffective to exclude Mrs. Worrells as a named insured. Upon the granting of the absolute divorce, the entireties estate was converted into a tenancy in common and the cash proceeds were personal property held as tenants in common. *Carter*, 242 N.C. at 580, 89 S.E.2d at 124.

We affirm the judgment of the court below holding that plaintiff is an insured under the defendant's fire insurance policy and is entitled to one-half of the actual cash value of the repairs to the subject property.

Affirmed.

Judges PARKER and ORR concur.