An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-362

Filed: 20 October 2015

Iredell County, No. 14 CVS 779

THOMAS DAVID BOST, Plaintiff,

v.

GALE ANN CHRISTIANA HELLER F/K/A GALE ANN CHRISTIANA BOST, Defendant.

Appeal by plaintiff from order entered 13 January 2015 by Judge A. Robinson Hassell in Iredell County Superior Court. Heard in the Court of Appeals 22 September 2015.

*Jones, Childers, McLurkin & Donaldson, PLLC, by Dennis W. Dorsey and Kevin C. Donaldson, for plaintiff-appellant.*

*The McIntosh Law Firm, P.C., by Robert G. McIntosh and Maren Tallent Werts, for defendant-appellee.*

TYSON, Judge.

Thomas David Bost ("Plaintiff") appeals from an order denying his motion for partial summary judgment and granting summary judgment in favor of his mother, Gale Ann Christiana Heller ("Defendant"). We dismiss the appeal as interlocutory.

I. Factual Background

This case involves an inter-family dispute over $6,878.61 and the ownership of a parcel of real property located in Mooresville, North Carolina. Both parties stipulated to the following facts: On 23 August 1985, Defendant and Lloyd David Bost ("Lloyd"), Plaintiff's father, each became the record title owners of a one-half undivided interest in real property ("the property") containing three separate tracts and located at 159 Windchime Lane in Mooresville, North Carolina. On 31 October 1986, Defendant conveyed her one-half undivided interest in the property to Lloyd, who became its sole owner. Defendant and Lloyd were married on 7 November 1987. On 14 June 1989, Lloyd executed a document entitled "Last Will and Testament of Lloyd David Bost." Defendant was named as Lloyd's executrix and he conveyed the entirety of his estate, both real and personal, to Defendant upon his death. On 23 October 1990, Plaintiff was born of the marriage. Lloyd died on 12 January 1995. His will was presented to the Iredell County Clerk of Court for probate on the day of his death. Pursuant to the terms of the will, Defendant received the entirety of Lloyd's estate; the will made no devise to, nor mention of, Plaintiff or any after-born children.

On 17 April 2014, Plaintiff filed a complaint in Iredell County Superior Court seeking to quiet title in the property and for conversion of a share of the personal property contained in Lloyd's estate. Plaintiff asserted he is entitled to share in Lloyd's estate as if his father had died intestate pursuant to N.C. Gen. Stat. § 31-5.5

(1994). Plaintiff asserted this statute entitles him to a one-half undivided interest in the real property in Lloyd's estate, and a one-half share of all personal property in Lloyd's estate in excess of Defendant's spousal or annual allowance of $30,000.00 pursuant to N.C. Gen. Stat. § 30-15, which amounted to $6,878.61. On 20 June 2014, Defendant filed a motion to dismiss, answer, and counterclaims.

Defendant alleged three counterclaims against Plaintiff. First, Defendant alleged Plaintiff had converted various household tools, automotive tools and automotive parts owned by Defendant, and had taken Defendant's vehicles apart, rendering them useless. Second, Defendant asserted, if Plaintiff is entitled to judgment on either of his claims, she is entitled to a life estate in the property pursuant to N.C. Gen. Stat. § 29-30(b) and claimed such life estate pursuant to N.C. Gen. Stat. § 29-30(c)(4). Third, Defendant claimed if Plaintiff is entitled to judgment on any of his claims, she is entitled to betterments and loss of rent.

After discovery, Plaintiff filed a motion for partial summary judgment on 31 October 2014 and claimed he is entitled to judgment as a matter of law on his quiet title action against Defendant. The Court requested Defendant to convert her motion to dismiss to a motion for summary judgment, and Defendant acquiesced. The trial court granted Defendant's motion for summary judgment, and denied Plaintiff's motion for partial summary judgment. Plaintiff appeals.

## II. Issue

Plaintiff argues the trial court erred in granting Defendant's motion for summary judgment and denying his motion for summary judgment. He asserts he is the lawful owner of a one-half undivided interest in the property and entitled to one-half of Lloyd's estate in excess of $30,000.00 pursuant to N.C. Gen. Stat. § 31-5.5.

### III. Standard of Review

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013); *see Draughon v. Harnett Cnty. Bd. Of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) (citation and internal quotation marks omitted), *aff'd per curiam*, 358 N.C. 131, 591 S.E.2d 521 (2004).

"In a motion for summary judgment, the evidence presented to the trial court must be . . . viewed in a light most favorable to the non-moving party." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 467, 597 S.E.2d 674, 692 (2004) (citation omitted).

> An issue is "genuine" if it can be proven by substantial evidence and a fact is "material" if it would constitute or irrevocably establish any material element of a claim or a defense.
>
> A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her

- 4 -

claim. Generally this means that on undisputed aspects of the opposing evidential forecast, where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.

*Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citations and internal quotation marks omitted). This Court reviews an order granting summary judgment *de novo* as a matter of law. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).

## IV. Analysis

### A. Jurisdiction

We initially determine whether Plaintiff's appeal is properly before us. While Defendant did not assert this appeal should be dismissed as interlocutory, this Court may do so *sua sponte*. *See Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980); *Milton v. Thompson*, 170 N.C. App. 176, 179, 611 S.E.2d 474, 477 (2005). Plaintiff contends that this appeal is proper pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). He asserts the trial court's order denying Plaintiff's motion for partial summary judgment and allowing Defendant's motion for summary judgment is a final judgment. In the alternative, Plaintiff contends that the trial court's order affects a substantial right of the parties, and is proper pursuant to N.C. Gen. Stat. § 1-277(a) and N.C. Gen. Stat. § 7A-27(b)(3)(a).

B. Interlocutory Appeal

An appeal is interlocutory when noticed from an order entered during the pendency of an action, which does not dispose of the entire case and the trial court must take further action in order to finally determine the rights of all parties involved in the controversy. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). An interlocutory order does not settle all pending issues and "directs some further proceeding. . . to [reach] the final decree." *Heavner v. Heavner*, 73 N.C. App. 331, 332, 326 S.E.2d 78, 80 (citation omitted), *disc. rev. denied*, 313 N.C. 601, 330 S.E.2d 610 (1985). Here, the trial court's denial of Plaintiff's motion for partial summary judgment and allowance of Defendant's motion for summary judgment did not settle all of the pending issues in the case. The trial court did not dispose of Defendant's three counterclaims. The trial court's order was not a final judgment. Plaintiff's appeal is interlocutory.

An interlocutory order is generally not immediately appealable. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2013); *Earl v. CGR Dev. Corp.*, ___ N.C. App. ___, ___, 773 S.E.2d 551, 553 (2015). "The prohibition against appeals from interlocutory orders prevents fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Feltman v. City of Wilson*, ___ N.C. App. ___, ___, 767 S.E.2d 615, 618-19 (2014) (internal citations and quotation marks omitted). However,

there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.

*Id.* at ___, 767 S.E.2d at 619. Here, the order appealed from contains no Rule 54(b) certification by the trial court. The appealing party carries the burden to establish loss of a substantial right unless an immediate appeal is allowed. *Embler v. Embler,* 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001). A substantial right is affected when "there are overlapping factual issues between the claim determined and any claims which have not yet been determined because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues." *Liggett Group Inc. v. Sunas,* 113 N.C. App. 19, 24, 437 S.E.2d 674, 677 (1993) (citation and quotation marks omitted).

Plaintiff argues the trial court's order deprives him of a substantial right and is immediately appealable. He asserts the outcome of two of Defendant's counterclaims is "dependent upon the Court's determination of whether [the property] immediately vested in Plaintiff, and as such, was never a part of [Lloyd's] estate."

"[W]hen common fact issues overlap the claim appealed and any remaining claims, delaying the appeal until all claims have been adjudicated creates the

- 7 -

possibility the appellant will undergo a second trial of the same fact issues if the appeal is eventually successful." *Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491 (1989). This potential "creat[es] the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Id.* (alteration in original) (citation and quotation marks omitted).

Plaintiff cites *Lamb v. Lamb*, 92 N.C. App. 680, 375 S.E.2d 685 (1989) to show his substantial rights are affected. In *Lamb*, the plaintiff filed an action for malicious prosecution in response to the issuance and subsequent dismissal of a criminal warrant issued upon the defendant's demand against the plaintiff. *Id.* at 681, 375 S.E.2d at 685. In response, the defendant filed counterclaims requesting the imposition of a constructive trust on certain monies received by the plaintiff, allegedly belonging to the defendant. *Id.*

The trial court entered summary judgment for the plaintiff and dismissed the defendant's counterclaims. The defendant appealed. *Id.* Our Court held the ruling below affected a substantial right and was immediately appealable and found "the factual issue of whether the plaintiff did forge defendant's name on the check received by the plaintiff. . . [was] central to both the complaint and one of the counterclaims." *Id.* at 683, 375 S.E.2d at 687. A possibility existed that denial of the appeal "could

result in two juries in separate trials reaching different resolutions of this same issue." *Id.*

## C. No Risk of Inconsistent Verdicts

No factual issue exists that is central to both Plaintiff's claim and Defendant's counterclaims, which could result in inconsistent verdicts. Defendant's first counterclaim alleges Plaintiff converted her household tools, automotive tools, and automotive parts, took apart Defendant's vehicles and rendered them useless. These allegations do not have any facts overlapping with Plaintiff's original claim. Defendant's second and third counterclaims assert, "in the alternative," should Plaintiff be entitled to judgment on his claims, Defendant is entitled to a life estate in the property, betterments, and claim to rents.

Whether N.C. Gen. Stat. § 31-5.5 immediately vested Plaintiff with an interest in Lloyd's property is central to Plaintiff's original claim and Defendant's second and third counterclaim. Plaintiff correctly acknowledges on appeal this is a question of law for the Court's determination. "Proper interpretation of statutory provisions presents a question of law, not fact." *Griffith v. N.C. Dep't of Corr.*, 210 N.C. App. 544, 552, 709 S.E.2d 412, 419 (2011) (citation omitted); *see also Wood v. J.P. Stevens & Co.*, 297 N.C. 636, 642, 256 S.E.2d 692, 696 (1979) (noting that "the construction of a statute is ultimately a question of law for the courts"). No possibility exists that

dismissal of this appeal could result in two juries in separate trials reaching different resolutions of the same issue.

The issue common to Plaintiff's claim and Defendant's counterclaims is a question of law, not fact. Unlike the facts in *Lamb*, where one jury could determine the plaintiff did forge the defendant's name and a subsequent jury could determine that he did not, no possibility exists that the trial court would find N.C. Gen. Stat. § 31-5.5 did not immediately vest Plaintiff with a right to share in Lloyd's estate for the purpose of his claim, but did vest Plaintiff with a right to share in Lloyd's estate for the purpose of determining Defendant's second and third counterclaims.

## V. Conclusion

Plaintiff's appeal is interlocutory and does not affect a substantial right that cannot be ameliorated on appeal from a final judgment. Plaintiff's appeal is dismissed.

DISMISSED.

Judges BRYANT and GEER concur.

Report per Rule 30(e).